CITIZENS NATIONAL BANK OF EVANSVILLE, INDIANA,

*v.* REYNOLDS.

[No. 10,194. Filed February 20, 1920.]

1. BANKS AND BANKING.—*Checks Signed in Blank.—Blanks Wrongfully Filled.—Liability.*—As between bank and depositor, a check signed in blank by the latter is valid, though it fell into the hands of a scoundrel, who filled the blanks and presented it to the bank for payment. p. 615.

2. BANKS AND BANKING.—*Checks.—Identity of Payee.—Ascertainment by Bank.*—A bank on which a check is drawn must ascertain at its peril the identity of the person therein named as payee. p. 615.

3. BANKS AND BANKING.—*Payment of Checks.—Identification.*—Where a check is presented for payment by a person unknown

to the bank, it becomes the imperative duty of the bank to require him to properly identify himself as the payee named in the check, and for its own protection the bank may refuse payment until the stranger brings in some financially responsible person known to the bank, and who is willing to become an indorser. p. 615.

4. APPEAL.—*Instructions.—Evidence Not in Record.—Harmless Error.*—Where the evidence is not in the record, it may not be said on appeal that instructions given were erroneous or harmful. p. 616.

From Pike Circuit Court; *A. L. Gray*, Special Judge.

Action by Charles W. Reynolds against the Citizens National Bank of Evansville, Indiana. From a judgment for the plaintiff, defendant appeals. *Affirmed.*

*Richardson & Taylor* and *McGinnis & Wittenbraker*, for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady*, for appellee.

STATEMENT BY DAUSMAN J.—This action was instituted by appellee against appellant.

The following is the substance of the complaint: That defendant is a national bank; that the defendant received of and from the plaintiff $435, which amount it deposited to the credit and account of the plaintiff, and thereby became indebted to the plaintiff in said amount; that on December 29, 1913, the plaintiff demanded of the defendant said amount, and defendant refused to comply therewith; that said amount with interest from date of demand is due and unpaid.

The bank filed nine paragraphs of answer: (1) General denial; (2) payment upon the order of Reynolds; (3) payment upon Reynolds' check to his agent W. N. Brown; (4) payment upon Reynolds'

check to some person "who purported and represented himself to be W. N. Brown"; (5) payment upon Reynolds' check to some person who was unknown to the bank but who represented himself to be W. N. Brown; (6) the usual plea of payment; (7) payment upon Reynolds' check to W. N. Brown; (8) payment to some person unknown to the bank, who represented himself to be the payee, upon Reynolds' check to W. N. Brown; (9) payment on Reynolds' check to his agent W. N. Brown.

Demurrers were sustained to the fourth, fifth, seventh and eighth paragraphs of answer. On appellee's motion the court ordered the second and sixth paragraphs to be made more specific by stating to whom payment was made; and for appellant's refusal to comply with that order said paragraphs were stricken from the record. Concerning that action of the court no complaint is made. Reply in denial to the third and ninth paragraphs of answer closed the issues. Verdict and judgment for appellee. The errors assigned are the sustaining of the demurrers aforesaid, and overruling the motion for a new trial.

The following is a copy of the check involved in this controversy:

"Evansville, Indiana, Oct. 4th, 1913. No. ...
"The Citizens National Bank.
"Pay to the order of W. N. Brown....$435.00.
Four hundred & Thirty-five & 00/100....Dollars
for 11 cattle.
"C. W. Reynolds.
"Endorsed: W. N. Brown.
"(Perforated stamp): Paid 10-7-13."

In its brief appellant makes the following state-

ment to the court: ''The case shown by the record is a very simple one. There was no controversy between the parties as to any of the material facts except the one as to whether W. N. Brown or some other person cashed the check. The appellee in instruction No..1, tendered by him and given by the court to the jury, correctly said: 'I instruct you that the only dispute between plaintiff and defendant as to the facts is whether the defendant bank paid said sum of money to said W. N. Brown or to some other person.' The jury by its finding resolved this one disputed fact in favor of the appellee's contention and against that of the appellant; and the appellant, so far as this appeal is concerned, accepts the verdict (however much it may consider the verdict erroneous and unjust), inasmuch as the appellant has not incorporated into the record a bill of exceptions embracing the evidence, and relies upon the errors of law for reversal. Hence, the admitted facts are that the appellant had on deposit to the credit of appellee $435.00 on October 4th and 7th, 1913, and prior thereto; that appellee had prior to October 4th, 1913, delivered to W. N. Brown, checks on the appellant bank, signed by the appellee, but with the dates, amounts, and names of payees left blank; that W. N. Brown was appellee's agent and as such was authorized to use the checks in the purchase of live stock and to fill in the blanks, the dates, names of the payees and the amounts; that one of said checks was lost by or stolen from said Brown, and found or stolen by an unknown person; that some one filled in the blanks in said lost or stolen check, dating it October 4th, 1913, making it payable to the order of W. N. Brown, and making the amount $435.00; that

on October 7th, 1913, someone other than W. N. Brown presented said check, so filled out, to the appellant bank for payment, and endorsed thereon the name of 'W. N. Brown'; that the bank paid the check and charged the amount to the account of the appellee, and at the time it did so, had no notice that the check had been lost or stolen; and that the appellee on December 29, 1913, demanded the said amount, namely, $435.00 from the appellant bank, which it refused.''

The above statement, furnished by appellant, sufficiently discloses the substance of the averments of the paragraphs of answer to which demurrers were sustained.

DAUSMAN, J., delivered the opinion of the court.—

The fact that one of the checks, which Reynolds signed in blank, fell into the hands of a scoundrel who filled the blanks and presented it to the 1. bank for payment, is wholly immaterial. As between Reynolds and the bank the check is valid.

The rule is well established that a bank on which a check is drawn must ascertain at its peril the identity of the person named therein as payee. 2-3. *Harmon* v. *Old Detroit Nat. Bank* (1908), 153 Mich. 73, 116 N. W. 617, 17 L. R. A. (N. S.) 514, 126 Am. St. 467; 2 Bolles, Banking 614. Where a check is presented for payment by a person who is unknown to the bank, it becomes the imperative duty of the bank to require him properly to identify himself as the payee named in the check. For its own protection the bank may go further. It may refuse payment until the stranger brings in a person

whom the bank knows to be financially responsible and who is willing to become an indorser.

If appellant had paid the check to a person who in truth was W. N. Brown, although a person other than the W. N. Brown who was the agent of Reynolds, then we would have a different question with which to deal. But that the bank paid the check to some unknown person who represented himself to be W. N. Brown, and whom the bank is unable to identify, is no defense. The court did not err in sustaining the demurrers.

Appellant contends that the court erred in giving certain instructions; but the evidence is not in the record, and we cannot say that any one of them 4. is erroneous or harmful. *State, ex rel.* v. *Stevens* (1918), 69 Ind. App. 137, 121 N. E. 371.

Judgment affirmed.