[No. 5048.]
## J. J. BRADY *v.* THOMAS KELLY.

ENFORCING LIEN FOR STREET ASSESSMENT.—When two or more lots are separately assessed for the expense of improving a street, each lot is chargeable only with the amount assessed upon it, and in enforcing the lien, the judgment should state the amount for which each lot is liable, and should order a sale of each lot, or so much thereof as may be necessary to satisfy such amount and costs.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 24th day of May, 1869, the Board of Supervisors of the City and County of San Francisco passed a resolution of intention to construct a brick sewer, with manhole and cover, on Leavenworth Street, from Geary to O'Farrell Street.   The contract was let, and the work performed.   The plaintiff owned two lots on Leavenworth Street, on one of which an assessment of one hundred and six and sixteen one-hundredths dollars was levied, and on the other an assessment of three hundred and twenty-eight and thirty-one one-hundredths dollars was levied.

The judgment directed that all and singular the lots, or so much thereof as might be necessary, be sold; and that the Sheriff, out of the proceeds, pay the costs and expenses and the amount due to the plaintiff. The defendant appealed.

*Eugene Drake*, for the Appellant.

The liens were enforced under the Statute of 1862, p. 391, and the Act of 1863, p. 525. The proceedings are wholly *in rem* against the lots for the specific amounts assessed against each, and as there is no contract between the plaintiff and defendant in reference to either piece of land, it is difficult to imagine upon what principle the joinder of action can be sustained.

It is apparent from the provisions of secs. 8, 9, 10, 11, and 13 of the acts in question that the assessment on *each lot*, so *separately* assessed and numbered on the diagram, constitutes a single and separate cause of action; and separate judgments should run for the specific amount of the assessment against the specific lot so assessed, in specie, and none other.

These causes of action *arise by operation of law only*, and are not covered by the provisions of sec. 427, allowing actions *arising upon contract* to be joined in one complaint.

*Robert Y. Hayne*, also for the Appellant.

*C. H. Parker*, for Respondent.

By the COURT:

Where two or more lots are assessed for the expenses of work on a street, each lot is chargeable only with the amount assessed upon it, and not for the amount assessed against another lot, and in enforcing the lien of the assessment the judgment should state the amount for which each lot is liable, and should order a sale of each lot, or so much thereof as may be necessary to satisfy such amount and costs.

Cause remanded, with directions to modify the decree in accordance with this opinion.