STATE OF INDIANA, EX REL. SALT CREEK CIVIL TOWNSHIP
ET AL. *v.* STEVENS ET AL.

[No. 9,578.    Filed December 31, 1918.]

1. APPEAL.—*Review.—Searching Record.*—The court on appeal will not search the record to find a cause for reversal. p. 139.

2. APPEAL.—*Briefs.—Sufficiency.—State of · Evidence.*—Where applicants' brief contains only a portion of the testimony of each of three witnesses and no documentary evidence, although twenty-three witnesses testified and considerable documentary evidence was introduced, the brief fails to comply with Rule 22, cl. 5, of the Appellate Court and will be treated as containing no evidence. p. 139.

3. APPEAL.—*Questions Reviewable.—Briefs.—Omission of Evidence.*—Although the correctness of instructions as abstract propositions of law might be determined in the absence of a proper statement of the evidence from the briefs, it cannot be

determined without the evidence whether the giving of any of such instructions was reversible error within §700 Burns 1914, §658 R. S. 1881. p. 139.

4. CONSTITUTIONAL LAW.—*Procedure.*—*Justice Without Delay.*— The primary purpose of the law of procedure is to facilitate the administration of justice and make possible a reasonable compliance with Art. 1, §12, of the Indiana Constitution, providing that justice shall be administered speedily and without delay. p. 140.

5. APPEAL.—*Questions     Reviewable.*—*Admission     of     Evidence.*— *Briefs.*—*Sufficiency.*—Alleged errors in the admission of evidence cannot be reviewed where appellants fail to set out in their brief under the heading "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript," nor at any other place in the brief, the ground of objection, the ruling of the court, the exception taken, or any reference to the places where they may be found in the transcript. p. 141.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by the State of Indiana, on relation of Salt Creek Civil Township and Salt Creek School Township of the county of Monroe, against William F. Stevens and others. From a judgment for defendants, the relators appeal. *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, *Joseph K. Barclay, William M. Louden, Charles B. Waldron* and *Batman, Miller & Blair,* for appellants.

*East & East,* for appellees.

DAUSMAN, J.—The nature of this cause is fully stated in the opinion of this court on the motion to dismiss the appeal. *State, ex rel.* v. *Stevens* (1917), 63 Ind. App. 561, 114 N. E. 873. The assignment of error challenges the ruling on the motion for a new trial. On this assignment appellant rests the following contentions: That the court erred in giving eleven instructions and in admitting three items of

evidence.   Twenty-three witnesses testified and a
number of documents were read in evidence.   Appellant's brief contains only a portion of the testimony
of each of three witnesses, and none of the documentary evidence.   Appellees have declined to supply any of the omitted evidence and have elected to
stand on their rights as conferred by the rules of
this court; and they insist that we are not at liberty
to consider the instructions for the reason that none
of the alleged errors relating to the giving of the instructions can be determined in the absence of the
evidence.   *Rose* v. *City of Jeffersonville* (1916), 185
Ind. 577, 114 N. E. 85; *Webster* v. *Bligh* (1912), 50
Ind. App. 56, 98 N. E. 73; *McClellan* v. *Thomas*
(1915), 183 Ind. 310, 109 N. E. 44; *Supreme Tribe,
etc.* v. *Kraft* (1915), 183 Ind. 427, 109 N. E. 403.   The
rules of the Supreme Court and the rules of this
court are identical; and the Supreme Court has construed clause 5 of Rule 22 to include cases wherein
the correctness of instructions is challenged.   *Goshen
Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 114 N. E.
869.   Back of the court rules is the long-established
rule of appellate procedure that the court will
not search the record in an effort to find cause
for reversal.   Elliott, App. Proc. §440; *Rook*
v. *Straus Bros. Co.* (1916), 60 Ind. App. 381,
110 N. E. 1006; *Miller* v. *Berne Hardware Co.*
(1917), 64 Ind. App. 473, 116 N. E. 54.   Under
these decisions appellees' contention must be
sustained, and the brief will be treated as containing no evidence.   The correctness of some
of the instructions, if regarded merely as abstract
propositions of law, might be determined without the
evidence; but whether the giving of any one of them

constitutes *reversible error* cannot be determined in the absence of the evidence. §700 Burns 1914, §658 R. S. 1881.

The disposition of appeals solely on grounds of procedure is sometimes imperatively required, even where it is apparent that at least one of the parties desires a decision on the merits. In such cases the action of the court is in reluctant obedience to certain rules of procedure, the violation of which results in a forfeiture of the right to have the controversy determined on the rules of the substantive law. The primary purpose of the law of procedure is to facilitate the administration of justice and make possible a reasonable compliance with the constitutional mandate that justice shall be administered "speedily, and without delay." Constitution, Art. 1, §12.

The bill of exceptions containing the evidence consists of 285 pages. It includes the testimony of the twenty-three witnesses, the several official bonds executed by the trustee, official reports made by him, the report of a field examiner of the department of inspection and supervision of public offices, various records of the township advisory board, and other documents. The report of the field examiner is a detailed statement of the trustee's financial transactions during a period of his stewardship. The determination of the separate liability, if any, of each set of bondsmen, would necessitate a careful examination of the evidence with reference to the time covered by each bond; and this matter is involved in some of the instructions concerning which we are asked to review the action of the trial court. The instructions involve also the application to the facts

of chapter 291, Acts 1911 p. 693. Manifestly considerable time would be required for the judges of this court, or any one of them, to study the evidence from the bill of exceptions to determine the applicability of the instructions. While other litigants are impatiently awaiting the action of the court, we cannot consume time which belongs to the state in doing the work which should have been done by counsel.

With respect to the alleged errors in admitting the three items of evidence, it appears that appellant has wholly failed to set out in its brief under the 5. heading ''A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript,'' nor at any other place in the brief, the ground of objection, the ruling of the court, the exception taken, or any reference to the places where they may be found in the transcript. Under the well-established rules of appellate procedure, a ruling on the admissibility of evidence cannot be reviewed where the attempt to present it is as imperfect as the attempt in the case at bar. *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709.

No cause for reversal having been presented, the judgment is affirmed.