## KELLEMS ET AL. v. REPUBLIC CONSTRUCTION COMPANY.

[No. 11,157.   Filed June 23, 1921; Rehearing. denied November 30, 1921.]

1. APPEAL.—*Briefs.—Sufficiency.*—On appeal in an action to collect the amount of a street improvement assessment, where appellant's brief presented the proposition that the court erred in sustaining the demurrer to the answer because the facts alleged in the answer made the whole transaction of letting the contract for the construction of the street null and void from the beginning, points thereunder that the contract was entered into without any show of authority and contrary to statute, and that contracts entered into without any show of authority are void, were insufficient to present any question, where it was not shown how they were applicable to the proposition which they were intended to support. p. 20.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Collection of Assessments.—Challenging Regularity of Proceedings.—Statutes.*—A proceeding to improve a public street under apparent authority and color of law is not void because the board of public works did not determine, before letting the contract, what property was benefited and the aggregate value of the property benefited, and because the contract price exceeded fifty per cent. of the aggregate value of the property as it was assessed for taxation, contrary to §8710 Burns 1914, Acts 1909 p. 412, such omissions of the board being only irregularities in the proceedings, which could not be questioned in a proceeding to collect an assessment for the improvement after the completion thereof, in view of §8710, *supra,* providing that the validity of such a contract can only be challenged in a suit to enjoin performance thereof instituted within ten days from its execution and prior to the actual commencement of work thereunder, and §8714 Burns 1914, Acts 1909 p. 412, declaring that in actions to foreclose improvement liens no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessments. p. 20.

From Marion Circuit Court (28,832) ; *Louis B. Ewbank,* Judge.

Action by the Republic Construction Company against Julia M. Kellems and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Clinton H. Givan* and *Noble H. Wible,* for appellant. *Pickens, Cox & Conder* and *William D. Bain,* for appellee.

McMAHAN, J.—The board of public works of the city of Indianapolis by resolution authorized the improvement of East St. Clair street and awarded the contract for such improvement to appellee. Appellants' lot abutted on said improvement and was assessed as benefited by said board in the sum of $529. This action is by appellee to collect the amount of the assessment and for the foreclosure of a lien on the property so assessed. Appellant filed an answer alleging that the board of public works, without making any effort to protect the property owners from the unreasonable and extravagant improvement, awarded the contract to appellee before and without finding out whether the benefits, which would accrue to the property liable to be assessed for said improvement, would equal the estimated cost; that the board did not, before letting the contract, determine the benefits nor the aggregate value of the property subject to be assessed, but in disregard of the law entered into said contract upon the false and arbitrary value of the property to be assessed, which value was fixed at $12,050 when the board knew its value as assessed for taxation was but $4,340; that the total benefits assessed against the owners of the abutting property is $5,667.29 and that the board had no authority to let said contract or to approve the assessment for the following reasons: First, that the cost of the improvement was more than fifty per cent. of the aggregate value of the property as it was assessed for taxation, exclusive of improvements; second, because the board did not determine the amount of the benefits to the property subject to be assessed before letting the contract.

The error assigned, relates to the action of the court in sustaining a demurrer to this answer.

The first proposition presented by appellant is that the court erred in sustaining the demurrer to her answer because, "The facts alleged in the defendants' answer made the whole transaction of letting the contract for the construction of the street in question null and void from the very beginning." Following the statement of this proposition appellant has stated eleven points with citation of authorities. Many of these are general abstract statements without any attempt to apply them to the pleadings under consideration. Point one is, that the contract was entered into without any show of authority and contrary to the express provisions of the statute. Point two is, that contracts entered into without any show of authority are void. Statements, such as these, are not sufficient to present any question without showing how they are applicable to the proposition which they are intended to support. The remaining points are sufficient however, to enable us to understand that appellant's contentions are that the facts alleged in the answer show that the assessment against the property is void, for the reasons: (1) That the board never determined that the "back lying" property was benefited by the improvement, and (2) that the contract price exceeded fifty per cent. of the aggregate value of the property as it is assessed for taxation.

Section 8710 Burns 1914, Acts 1909 p. 412, declares: "No contract shall be let for the improvement of any street, alley or other public place, in any city of the first, second or third class, the total cost of which shall exceed fifty per cent. of the aggregate value of the property as it is assessed for taxation, exclusive of the improvements and subject to be assessed

for so much of the cost of the said proposed improvement, excluding the cost of intersections."

The answer in substance alleges that the board did not determine the aggregate value of the property subject to be assessed before letting the contract, but entered into the contract with appellee upon the false and arbitrary value of $12,050, when it knew the assessed value was only $4,340. Said §8710, *supra*, also provides: "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of said contract or prior to the actual commencement of the work thereon." And §8714 Burns 1914, Acts 1909 p. 412, provides that in foreclosure suits, "no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work to be therein made."

This is not a case where the proceedings were void from the beginning, as when the place where the improvements were made was not a public place. The improvement for which appellants' property was assessed was made in a public street and under apparent authority and color of law. In cases like the present where the invalidity of the contract results from some irregularity or defect in the proceedings leading up to the letting of the contract, §8710, *supra*, applies and a property owner desiring to take advantage of such irregularity or defect must do so within the time fixed by the statute. He cannot remain silent and watch the improvement being made and avoid the payment of the benefits he has received. *Haislup* v. *Union Asphalt,*

*etc., Co.* (1919), 70 Ind. App. 308, 123 N. E. 426; *Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49. Had the proceedings been without apparent authority or color of law, this provision of the statute would not have been applicable. *Turner* v. *Sievers* (1920), 73 Ind. App. 30, 126 N. E. 504.

If appellant had commenced suit to enjoin the execution of the work within the time fixed by the statute on the ground that the total cost of the improvement was in excess of fifty per cent. of the assessed value of the property benefited, we would have a different question presented for our consideration. *Clarke* v. *City of Evansville* (1921), 75 Ind. App. 500, 131 N. E. 82.

All objections urged by appellant against the validity of the assessment on the account of the said improvement relate to the validity of the contract and under the provisions of §§8710 and 8714, *supra,* above quoted are not available as a defense in this action.

Many of the cases cited by appellant were for injunctions, and in others the improvements were being made under statutes materially different from the present statute. We have given careful consideration to the authorities cited but do not deem it necessary to extend this opinion by reviewing them.

The court committed no error in sustaining the demurrer to appellants' answer. Judgment affirmed.