HOFFMAN ET AL. *v.* CITY OF ROCHESTER ET AL.

[No. 26,221. Filed December 19, 1935. Rehearing denied March 2, 1936.]

*Hiram G. Miller,* for appellants.

*Charles C. Campbell,* for appellees.

FANSLER, J.—On February 2, 1932, appellants began this action seeking a declaratory judgment under sections 3-1101—3-1107, Burns 1933. It is alleged that plaintiffs are the owners of real estate abutting upon Jefferson street, in the city of Rochester, but it is not alleged that they are all of the owners of real estate abutting upon that street; that prior thereto the defendant councilmen, acting as the board of public works of the defendant city, passed a resolution for the improvement of Jefferson street by grading and paving at the expense of abutting property; that thereafter a majority in number of the resident property owners remonstrated in writing against the improvement; that thereafter the common council adopted an ordinance ordering the improvement, notwithstanding the remonstrance; that bids were advertised for and received, and a preliminary order made designating the type of pavement; that the council, acting as a board of works, will enter a final order for the improvement and let a contract therefor and will attempt to assess the property of the plaintiffs for the payment of the contract price; that the ordinance of the council ordering the work, notwithstanding the remonstrance, is insufficient and illegal. A judgment is sought declaring the pro-

ceedings insufficient to charge plaintiffs' property with assessments for the cost of the improvement.

The procedure for improving streets is provided for by section 10440, Burns 1926, section 48-2701, Burns 1933.

There was a praecipe for a summons for the defendants, and the record shows that the summons was ordered, but there is no return or other record showing that it was served. Thereafter, on the 15th day of February, 1932, there was an order for an alias summons, but no return of record showing that it was served on the defendants. The record shows that the defendants appeared to the action on the 26th day of February, 1932, and demurred to the complaint. Afterwards the demurrer was withdrawn, and, on the 8th day of March, 1932, the defendants filed an answer in general denial. There was a trial, and special findings of fact and conclusions of law as follows:

"1st. That the law is with the defendants and that plaintiffs are not entitled to recover.

"2nd. That the court should and does refuse a declaratory judgment and decree for the reason that such judgment or decree, if rendered, or entered, would not terminate the uncertainty or controversy giving rise to the proceedings.

"3rd. The plaintiffs have a complete and adequate remedy at law of which they did not avail themselves. That this proceedings should be dismissed for want of jurisdiction in the circuit court."

A motion for a new trial was overruled, and there was judgment as follows:

"The court now renders judgment upon its findings of facts and conclusions of law, and it is hereby ordered, adjudged and decreed that the plaintiffs take nothing by their complaint and plaintiffs herein pay the costs of this action."

The court found as a fact that on February 2, 1932, the day the complaint was filed, a final order for the improvement was made, and a contract for constructing the improvement was let to Vere S. Calvin, and a contract duly executed.

Error is assigned upon each of the conclusions of law and upon the overruling of appellants' motion for a new trial.

It will be noted that the contract for the construction of the work was entered into on the day the complaint was filed; that the contractor is not a party to the action; and that, so far as the record discloses at least, the contract was entered into before service was had upon any of the defendants. The statute provides: "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any persons, except in a suit to enjoin the performance of such contract, instituted by such person within ten (10) days from the execution of said contract or prior to the actual commencement of the work thereunder."

It is not claimed by appellants that the proceedings for the establishment of the improvement are entirely void, and they are not, since the statute gives jurisdiction to establish the improvement, and the sufficiency of the notice to the property owners is not questioned. Appellants are merely contending that there were irregularities in the proceedings in certain respects. It is well settled that the sufficiency of street improvement proceedings to establish a lien in favor of one who contracts to construct the improvement cannot be questioned on account of defects or irregularities in proceedings, except in a suit to enjoin the performance of the contract

brought within ten days from the execution thereof or prior to the actual commencement of work thereunder as provided by the street improvement statute. *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321; *Wilt* v. *Bueter, Treas.* (1916), 186 Ind. 98, 115 N. E. 49; *Webster* v. *Independent Construction Co.* (1923), 80 Ind. App. 499, 139 N. E. 150, and cases cited.

The contractor had an interest in the lien for assessments. He was not made a party defendant and could not be bound by the judgment. Other property owners, not parties to this action, had an interest in the proceeding. Any judgment that might have been rendered in this action could have no effect in determining whether the assessments under the proceedings are enforceable by the contractor. The only question which the court could determine in this action is whether the proceedings are defective or irregular, but even though they were adjudged to be defective and irregular it would not defeat a recovery of the assessments and the enforcement of a lien therefor against appellants' property at the suit of the contractor. Section 6 of the Declaratory Judgments Act provides that: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Section 3-1106, Burns 1933.

The court properly refused to enter judgment for appellants. We need not consider the merits of the controversy, since the questions sought to be presented can only be raised in the character of action prescribed by statute.

Judgment affirmed.