## VARBLE ET UX. *v.* O'NEIL.

[No. 16,673.   Filed November 14, 1941.   Rehearing denied December 23, 1941.]

*Laurent A. Douglass,* of Jeffersonville, for appellants.

*Ellis Deibel,* of Jeffersonville (*Warren B. Allison,* of Jeffersonville, of counsel), for appellee.

STEVENSON, J.—The appellee brought this action against the appellants to foreclose an alleged sewer assessment lien against the real estate owned by the appellants in the City of Jeffersonville, Indiana.

The amended complaint alleged generally the steps taken by the common council of the City of Jeffersonville, Indiana, for the construction of a sewer, known as the Graham Street District Sewer. The amended complaint further alleged that the appellee was awarded the contract for the construction of this sewer, on the 21st day of September, 1927, and that he had entered upon the construction of said contract, and had completed the work in accordance with its terms. The amended complaint described the real estate which was owned by the appellants at the time such proceedings were had, which real estate was benefited by such improvement to the amount of $459.07, as set forth in the assessment roll, as finally adopted and approved by the common council of said city, on the 4th day of November, 1929. The complaint alleged that this amount was unpaid, and sought judgment for the amount of this assessment, together with interest thereon and attorneys' fees, and prayed that a lien be established and foreclosed against this real estate.

To this amended complaint, the appellants filed an answer in two paragraphs. The first paragraph was a general denial. The second paragraph of answer alleged, that no resolution had ever been adopted by the common council or board of works of the City of Jeffersonville, authorizing the alleged improvement; that no notice had been given to the property owners affected; that no map or plat, showing the boundary lines of the area affected by said sewer, was ever prepared or placed on file; and that the alleged assessment, against the property of the appellants, was made without authority at law because of the failure to comply with the statutory requirements, which authorized such proceedings.

To this second paragraph of answer, a demurrer was addressed, challenging the sufficiency of the answer to state a defense. The court sustained the demurrer to this second paragraph of answer, and this ruling is the first error assigned on appeal. The cause was submitted to the court for trial, and the court, after hearing the evidence, made special findings of fact, and stated its conclusions of law thereon. The court concluded: (1) That all proceedings of the common council of the City of Jeffersonville, in making and ordering the construction of said Graham Street District Sewer, and the levying of the assessment against the real estate affected thereby, were legal and regular; (2) that the defendants (appellants herein), by failure to protest or object to the validity of the proceedings making and ordering said sewer improvement, are now estopped to deny the authority under which said sewer was constructed; (3) that the appellee was entitled to recover on account of said assessment the sum of $459.07, together with interest in the sum of $275.40, and attorneys' fees in the sum of $98.00, making a total of $832.47, together with costs. The court further con-

cluded: (4) That the appellee was entitled to have his lien and assessment foreclosed against the real estate of the appellants, and judgment was entered accordingly. Exceptions were taken to each conclusion of law. A motion for new trial was filed and overruled, and this ruling constitutes the second assignment of error relied upon for reversal.

The appellants contend, under the first assignment of error, that the court erred in sustaining the demurrer to the second paragraph of answer to the amended complaint. The appellants contend that the allegations in the answer, charging that the boundaries of the district were not properly fixed and described in the plans and specifications, nor in the notice to the interested parties, is a statement of such facts as constitutes a defense to the appellee's action.

In reply to this contention, our attention has been directed to certain sections of the statutes in this State, applicable to the foreclosure of liens for sewer assessments. Section 48-3901, Burns' 1933, provides that in the establishment of district sewers, the board of public works shall cause to be prepared a map, "which will clearly show by boundary lines the total area or district to be beneficially affected by such sewer. . . ." It is appellants' contention that a failure to comply with this provision of this statute renders the proceedings invalid. Since this is an action to foreclose an assessment lien, however, our attention is also directed to the statutes governing such actions. Section 48-3904, Burns' 1933, provides that: "The provisions of the statute of this state concerning the enforcement of assessment liens for street improvements . . . shall apply fully to the enforcement of assessments made for the construction of sewers. . . ." It will be further noted that our statute, governing the enforcement of assessments for

street improvements, referred to in the statute above quoted contains a provision that: "In the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any persons, except in a suit to enjoin the performance of said contract, instituted by such person within ten [10] days from the execution of such contract or prior to the actual commencement of the work thereunder." § 48-2701, Burns' 1933. This statute, dealing with the foreclosure of liens for street improvement, contains the further provision that: "In such foreclosure suits, no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made." § 48-2711, Burns' 1933.

In view of these statutory provisions, our court has frequently held that, having failed to present their grievances at the time and in the manner provided by the statutes, the property owners are bound by the assessments levied, unless the proceedings are entirely void. *Bottema* v. *City of Indianapolis* (1935), 100 Ind. App. 56, 190 N. E. 550; *Hoffman* v. *City of Rochester* (1936), 209 Ind. 529, 198 N. E. 783; *Kellems* v. *Republic Construction Co.* (1921), 77 Ind. App. 18, 131 N. E. 545; *Bachelder* v. *Harshbarger* (1938), 105 Ind. App. 41, 10 N. E. (2d) 927.

It is apparent, therefore, that the failure of the board of works to have placed on file a map, clearly showing the boundary lines of the district beneficially affected by such sewer, if they did so fail, was, at most, an irregularity in the proceedings. Such an irregularity is not available to the appellants as a defense in an action brought by the contractor to enforce the lien of the assessment.

The court, accordingly, committed no error in sustaining the demurrer to the second paragraph of appellants' answer.

The appellants next contend that the court erred in overruling their motion for a new trial. Under this assignment of error, the appellants challenge the sufficiency of facts, as found by the court, to sustain the conclusions of law. Here again the appellants contend that the facts, as found by the court, do not disclose that the boundary lines of the drainage district were fixed by the board of works of said city, as required by statute, and were not set forth in the notice to the interested parties.

While it is true that the facts, as found by the court, do not disclose the boundary lines of the area included in the project, the court does find that the common council of the City of Jeffersonville, acting as the board of public works for said city, adopted a resolution, known as declaratory resolution No. 119, which resolution "ordered the construction of a district sewer, in the city of Jeffersonville, known as the Graham Street District Sewer, in accordance with the map, profile, specifications, and drawings then on file in the office of the city clerk, in said city." This declaratory resolution was offered in evidence, and the exact course of the proposed sewer is described in said resolution. After describing the course of this sewer, the resolution concludes with the following statement:

"All of which will more fully appear by reference to the profile, map, drawings and specifications now on file in the office of the city clerk, of said city, which, among other things give the exact course of said proposed sewer, over flows, and its appurtenances, and the district or area which may be injuriously or beneficially affected thereby, as shown by heavy boundary lines marked on said map and drawings, with proper words and figures

written thereon, clearly indicating what said heavy boundary lines represent, and the district or area embraced thereby."

This profile and map referred to in the resolution were not introduced in evidence. The court further found, however, that this declaratory resolution No. 119 was later adopted by the common council of the City of Jeffersonville, and a contract was awarded to the appellee in the manner provided by statute, for this improvement. The court further found that the appellee completed the construction of said sewer in full compliance with the plans and specifications, and said sewer was accepted by said city, on the 19th day of August, 1929. The court further found that an assessment roll, for the cost of said sewer, was prepared by the city engineer, and notice of the hearing on the assessment roll was given to all land owners.

The appellants made no objection, and filed no remonstrance to any of these proceedings, nor did they seek to enjoin the performance of the contract. On these facts, the court concluded, as a matter of law, that all of the proceedings of the common council of the City of Jeffersonville, acting as the board of public works of said city, were legal and regular.

The court did not, in its findings of fact, find specifically that all the steps required by statute in the establishment of a district sewer were taken by the city. Neither did the appellee's complaint to foreclose the assessment lien specifically allege such facts. Such was not required by statute. Section 48-2711, Burns' 1933, provides the proceedings necessary in such foreclosure suit. This statute reads, in part, as follows:

"It shall not be necessary in any such foreclosure suit or suits to set forth or refer to the proceedings at length or specifically, but it shall be sufficient to

state in such complaint the day on which the contract was finally let, the name of the street or highway improved, the amount and date of the assessment, that the assessment is unpaid, and description of the lot or property upon which the assessment was levied. Upon the trial of such foreclosure suits, it shall not be necessary to introduce proof of the various proceedings before said board preliminary to the final assessment, but it shall be sufficient to introduce said final assessment rolls, or a copy thereof, properly certified, which said roll shall be prima facie evidence that all steps required to be taken preliminary thereto were regularly and properly had and taken by and before said board."

It will be noted, from a reading of this statute, that the complaint which the appellee filed was sufficient; and it will also be noted that in the trial of the case, it was not necessary to introduce proof of the various proceedings before the board. It was, accordingly, unnecessary for the appellee to allege and prove that the boundary lines of the area beneficially affected by the district sewer were fixed and established. It was not essential that the court should find such fact specifically. Neither was it necessary that the court should find specifically the basic facts which constituted the sewer in question a district sewer. The facts, as found by the court, were, in our opinion, sufficient to support the conclusions of law on this issue. By failing to except to the conclusions of law, no question is presented to this court as to their correctness under the facts found. It is our opinion that the facts found by the court were sufficient to support the conclusions of law, and the court, therefore, committed no error in overruling appellants' motion for a new trial.

Finding no reversible error, the finding of the trial court is affirmed.

NOTE.—Reported in 37 N. E. (2d) 276.

## On Petition for Rehearing.

STEVENSON, J.—On petition for rehearing, our attention has been called to the fact that the original opinion holds that no exceptions to conclusions of law were taken.

In the fourth paragraph of the opinion appears this statement: "Exceptions were taken to each conclusion of law." However, near the close of the opinion, there appears this sentence: "By failing to except to the conclusions of law, no question is presented to this court as to their correctness under the facts found." This sentence is erroneous, and is now deleted from the original opinion. With this statement on the part of the court, the petition for rehearing is denied.