FRANKENSTEIN *v.* COIL CONSTRUCTION COMPANY, INC., ET AL.

[No. 18,797.   Filed June 19, 1957.   Rehearing denied September 26, 1957.]

*S. K. Frankenstein* and *O. R. Kuhlman,* both of Fort Wayne, for appellant.

*Hasley & Eggers,* of Fort Wayne, for appellees.

KELLEY, J.—Action by appellee, Coil Construction Company, Inc. (hereinafter referred to as Company) to foreclose a sidewalk improvement assessment lien against real estate of appellant. Appellee, Marian L. Frankenstein, is proceeded against as the wife of appellant. The issues made by appellant's answers to the complaint were submitted to the court for trial, without jury. The court found the facts specially and stated five conclusions of law thereon, favorable to the Company. Consistent judgment followed, which, in substance, decreed that appellant and appellee, Marian L. Frankenstein, his wife, pay the assessment in the sum of $666.35, together with interest at 6% per annum from September 13, 1951 and with $250.00 attorney fees, which collectively "constitutes a valid and subsisting lien upon said real estate." That appellant's real estate, consisting of five (5) separately numbered lots in Paramount Extended, an addition to the City of Fort Wayne, or so much as necessary, be sold as lands are sold on execution and the proceeds be applied as directed.

Appellant's motion for a new trial, consisting of four specifications, was overruled, as was appellant's written objections to the entering of the judgment. Specification 4 of the new trial motion comprised five separate asserted errors, lettered

(a) to (e), inclusively, only two of which, (a) and (b), are argued and it is therefore considered that (c), (d) and (e) are waived. The relied upon specifications of errors in the Assignment of Errors, in addition to assigning error in the overruling of the motion for a new trial, charge error in each of the five conclusions of law, the sustaining of the Company's demurrer to appellant's Plea in Abatement, and the overruling of appellant's written objections to the entering of the judgment rendered by the court.

The complaint of the appellee Company alleged, in substance, that on April 17, 1951, the Board of Public Works of the City of Fort Wayne adopted Declaratory Resolution No. 3994-1951, providing for the improvement of a sidewalk walk on the north side of Vance Avenue in said city; that on May 24, 1951 said "public improvement" was confirmed by said Board; that the cost thereof was ordered assessed against and to be collected from the owners of real estate bordering on said sidewalk; that a contract for said public improvement was awarded to said Company and, in pursuance of said contract, the work and improvement was completed and on July 26, 1951, it reported the completion of the work; that the appellant, during all times mentioned, was and "still is" the owner of Lots Numbered 88, 90, 91, 92 and 93 in Paramount Extended, an addition to said city, which are located on the north side of said Vance Avenue and front entirely on the improved sidewalk; that on September 13, 1951, said Board of Public Works confirmed an assessment roll for said improvement and the above described real estate was assessed on said roll for said improvement in the amount of $666.35; that on September 13, 1951, said assessment roll was "delivered by the said Board of Public Works to the Department of Finance of said City" and is shown in the records of the Comptroller

of said City; that appellant failed and refused to pay the sum "now due" and said assessment has been a lien against said described real estate in the sum of $666.35 since September 13, 1951, together with interest thereon; that the Company was compelled to employ an attorney to bring the action and a reasonable fee for his services is $250.00; and that appellee, Marian L. Frankenstein, is the wife of appellant.

Appellant and appellee, Marian L., his wife, filed a Plea in Abatement of the cause alleging:

". . . that the Statutes of the State of Indiana provide that before any suit is instituted for the foreclosure of an assessment lien, notice shall be given by the owners of such lien or assessment fifteen (15) days before the institution of said suit.

These defendants further say that no notice was given by the owners of such lien or assessment prior to the filing of this suit."

The Company demurred to the plea on the ground that it did not state facts sufficient to constitute a ground for abating the action. The theory of the demurrer, as shown by the memorandum thereto, is that the Statutes of this State do not provide for such notice and that no notice is required prior to the filing of a suit to foreclose such lien. The demurrer was sustained.

It has been held that the Act of 1909, Ch. 172, §7 (Burns' 1950 Replacement, §48-2722), insofar as it provided for 15 days' notice before institution of action to collect unpaid assessment, was repealed by Acts 1931, Ch. 99 (Burns' 1950 Replacement, §48-4401, et seq.), which contains no provisions for notice. *Hastings* v. *Gault et al.* (1940), 216 Ind. 315, 318, point 1, 25 N. E. 2d 232. We see no error in sustaining the demurrer to the Plea in Abatement.

Appellant's motion for new trial asserts that the decision of the court is not sustained by sufficient evidence and is contrary to law. In this regard appellant urges error in admitting in evidence the Company's Exhibits 1 and 2, over his objection.

The objection to said Exhibit 1, to the extent it is argued by appellant, was that it was not properly certified in that the certificate was not made by the Comptroller of the City of Fort Wayne but was made by the Secretary of the Board of Works of said City and that it was not certified to be a "true and complete" copy but was certified only as an "exact" copy. We gather from the brief that said Exhibit 1 "purported to be an exact copy of the final assessment rolls confirmed by the Board of Works . . . for the improving of the sidewalk . . . ." However, appellant, in his Condensed Recital of the Evidence, does not set forth either a copy of said Exhibit 1 or said certificate thereto or the substance of either. We are thus driven to the transcript in search of error upon which to reverse the judgment of the trial court. This we are not required to do. *State of Indiana ex rel. Salt Creek Civil Township et al.* v. *Stevens et al.* (1918), 69 Ind. App. 137, 139, 121 N. E. 371; *Lake Motor Freight Line, Inc.* v. *New York Central Railroad Company* (1950), 228 Ind. 371, 372, 92 N. E. 2d 221.

As to said Exhibit 2, appellant's brief, in the Condensed Recital of the Evidence, recites that it is "a contract between the Board of Public Works, City of Fort Wayne, and the Coil Construction Co., Inc., . . . for the construction of a sidewalk on the north side of Vance Avenue . . . ." The objection thereto was that "there is no showing that the Board of Public Works . . . had any authority to enter into this contract . . . ." This objection was not well taken. It is provided in §48-2701, Burns' 1950 Re-

placement, "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any persons except in a suit to enjoin the performance of such contract . . . ." See, also, *Kellems et al.* v. *Republic Construction Company* (1921), 77 Ind. App. 18, 21, 131 N. E. 545; *Varble et ux.* v. *O'Neil* (1941), 110 Ind. App. 164, 168, 37 N. E. 2d 276.

Appellant claims error in the "assessment of the amount of recovery, in this, that the amount is too large." The basis of this claim, as appears from appellant's argument, is that the court allowed a recovery of $250.00 as attorney fees, contrary to the provisions of the statute, §48-2722, Burns' 1950 Replacement, limiting the fees to ten (10) per cent on the first $100.00 and five (5) per cent on the excess thereof. Said section was revised by Acts 1931, Ch. 99 (§48-4401 et seq., Burns' 1950 Replacement). *Hastings* v. *Gault et al., supra.* The 1931 Act provides for the recovery of "reasonable attorney's fees" and places no other limitation thereon. Appellant makes no contention that the fees allowed were unreasonable in any respect other than that they exceeded the aforesaid statutory limitation in §48-2722, which was revised by the said 1931 Acts. Insofar as appellant has demonstrated, the amount of recovery seems within the evidence.

In the argument portion of his brief, appellant, under the heading of "Assignment of Error Numbered 4" proposes that the said Board of Works of said City had no jurisdiction to have the sidewalk construction work done until it had given notice to the "owners" of the real estate to construct the sidewalk. We find no assignment of error or specification in the motion for new trial under which such proposal was raised or presented or to which it can be

applied. In any event the proposition seems without merit. The section of the statute relied upon by appellant (§48-2701, Burns' 1950 Replacement) does not require the Board to give the property owner a notice to construct a sidewalk. It provides that "If such Board shall desire to improve or repair any sidewalk . . . and shall adopt a final resolution therefor, said board *may, if it sees fit,* elect to order and require the owners of abutting property to construct or repair their own sidewalks . . . ." The order to require abutting owners to construct a sidewalk is, by the statute, entirely discretionary with the Board.

Finally, appellant urges that the court erred in each of its conclusions of law numbered 1, 2, 3, 4 and 5. In connection with the consideration of this assignment, appellant requests that his assignment number 8 be also considered since both are supported by the same points of argument.

Said assignment number 8 counted on error in overruling the written objection of appellant to the entering of the judgment. The record discloses that said written objection was made subsequent to the rendition of the judgment and that appellant filed no motion to modify the judgment. It follows that said motion raises no question. If a question as to the form or substance thereof is raised before the judgment is entered, it should be done by an objection to the rendition of the judgment proposed. If, after it is entered, it should be by a motion to modify the judgment, and unless so made, no objection can be made on appeal. *Works' Indiana Practice, Lowe's Revision,* Vol. 4, §65.62, page 266.

The conclusions of law stated by the court are:

"1. The law is with the plaintiff.

2. The real estate owned by defendant Bernard J. Frankenstein and described as follows,

Lots Numbered 88, 90, 91, 92, and 93 in Paramount Extended, an addition to the City of Fort Wayne, Allen County, Indiana, is subject to the assessment for the construction of said sidewalk on the north side of Vance Avenue from the east property line of Leroy Street to the west property line of Carew Street in the City of Fort Wayne, Indiana.

3. Said assessment in the sum of $666.35, together with interest thereon at the rate of 6% per annum from September 13, 1951, until said assessment is paid to plaintiff in full, together with a reasonable fee for plaintiff's attorney in the amount of $250.00, collectively constitutes a valid and subsisting lien upon said real estate.

4. Plaintiff is entitled to recover its costs laid out and expended in this action.

5. Said assessment against the real estate of defendant Bernard J. Frankenstein should be foreclosed and the real estate ordered sold to satisfy the amount of the judgment due plaintiff by reason of said assessment, interest, attorney fees and costs."

As to said conclusions numbered 1, 2 and 4, appellant asserts only that they are each erroneous for the reason that the Company failed to present a prima facie case. Such assertion is predicated upon the alleged error of the court in admitting into evidence, over appellant's objection, the aforesaid Exhibits 1 and 2. We have already examined such alleged error and found none. Therefore, insofar as appellant has presented the question, we find no error of the court in its stated conclusions of law numbered 1, 2 and 4.

The ground upon which appellant charges error in said conclusions of law numbered 3 and 5 is that each of the described lots is chargeable only with the amount assessed against it and not for the amount assessed against any other lot; and that by said conclusions of law the total amount of the assessments, with the in-

terest and attorney fees, is charged as a lien against all and each of said lots instead of fixing a lien against each of said lots, separately, for the specific amount assessed against it, with its proportionate share of the costs and attorney fees.

§48-2704, Burns' 1950 Replacement, provides:

"Upon the completion of any improvement according to contract, the same shall be accepted by said board . . . and the total cost thereof, . . . *shall be apportioned* upon the lands or lots abutting thereon.

For any assessment for the construction, maintenance or repair of any municipal improvement, . . . the said city shall have a lien against *each* of the parcels of real estate therefor assessed . . . ." (Our emphasis).

and §48-2715, Burns' 1950 Replacement, provides:

"In making assessments against *each* lot or parcel of land said board of public works shall, . . . cause to be made out an assessment roll with the *names of the property holders* and description of the property abutting on and adjacent to the improvement . . . . Said assessment roll shall also have set opposite *each* name and description the total assessment, if any, against *each* piece of property, . . . . The charge or assessment against *each* lot, tract, or parcel of land so made . . . on said roll shall be prima facie *the special benefit to such lot,* parcel or tract of land . . . ." (Our emphasis).

§48-2711, Burns' 1950 Replacement, provides:

". . . Lots or lands bordering on said street, alley or other public place that is being or has been improved, . . ., shall be liable to the payment of the assessment *as set forth on the final assessment roll. . . .*" (Our emphasis).

It is evident from the above referred to provisions of the statutes that the assessment for the cost of the

improvement must be made upon each lot or parcel of ground separately and that each lot or parcel of ground subject to the assessment for the improvement should bear its *separate* and *distinct* burden of the assessment, as apportioned in the manner provided by the statute. ". . . the assessment should show the amount for which each lot or piece of land is liable; . . . and this is necessary, *although the different lots or pieces of land belong to the same owner.* . . . the preliminary and final estimates and *the assessment were made in one gross sum against all the lots.* It may be in the power of the owner to pay the assessment upon one or more of the lots or pieces of land, and not upon all. If the assessment is made in one gross amount against all the lots, he could not do this, as the lien would cover all the lots, and *all could be sold to discharge it . . . . . . ." Balfe et al.* v. *Johnson* (1872), 40 Ind. 235, 237, 238.

Adverting to the record transcript, it appears from the Assessment Roll that each of appellant's said five lots were separately described, with his name as the owner of each, and the total assessment against each lot, in the amount of $133.27, is set opposite his name and the description of the property. Thus it seems that the Board of Public Works has definitely followed the statutory directions, as above referred to. Said lots are liable for the payment of the assessment "as set forth on the final assessment roll" (§48-2711, Burns' 1950 Replacement) and the City is given a lien against "each" lot "therefor assessed" (§48-2704, Burns' 1950 Replacement). Is the contractor who is seeking to enforce his assessment lien, as authorized by §48-2711, Burns' 1950 Replacement, in a more favored position than would be the city seeking to foreclose the same lien? A property owner appears to have the right to redeem any of his lots from the

sale (§48-2711, Burns' 1950 Replacement) and it would seem he also has the right to pay and discharge the amount found due from any specific lot or lots. If the city cannot make the assessment lien in a gross amount against all the lots and thus deprive the owner of the power to pay the assessment upon one or more of the lots or parcels of land, *Balfe et al.* v. *Johnson, supra,* it is difficult to find the basis, in a lien holder's action, for authorizing the collection of separate liens on separate parcels of land and ordering them foreclosed as a gross amount against all the parcels of land and thereby deprive the owner of his right of making separate payment or redemption.

It is provided in §48-4406, Burns' 1950 Replacement, that the person to whom is due and owing the amount of the unpaid assessment for the performance of the work, shall have the right to enforce the lien of such assessment "in the same manner as mortgages are foreclosed." If a separate mortgage on each of the respective lots in question were owned and held by one individual, the action by him to foreclose the mortgages may perhaps be brought by one complaint of separate paragraphs (§2-301, Burns' 1946 Replacement) but nevertheless there would exist a separate and distinct cause of action for each mortgage as a separate and distinct lien upon the particular lot covered by it and it would seem wholly illogical to permit one judgment in the aggregate amount of all that was due on all the mortgages, with an order of sale of all the lots to satisfy the judgment. It would appear more logical to enter a separate judgment on each mortgage lien with an order for the sale of the particular lot encumbered by the lien of the mortgage.

The action here is *in rem* and as appellant signed no waiver for the payment of the assessment in install-

ments, no personal judgment against him was authorized and the court entered no personal judgment against him. The theory upon which improvement assessments are upheld is that "each lot or tract of land assessed is benefited in a special and peculiar manner, in a sum equal to the amount estimated or assessed against it." *Becker* v. *The Baltimore & Ohio Southwestern Railway Company* (1897), 17 Ind. App. 324, 328, 46 N. E. 685. It is obvious that "the lien" authorized to be foreclosed by the statute (§48-4406, Burns' 1950 Replacement) is one for the particular amount assessed against each lot, and not the whole amount of several assessments against all the lots of one owner without regard to the proportion properly chargeable to each. It seems manifest, also, that each lot or parcel of land is separately liable for its proportion of the cost of the improvement and that the liability of each is independent of any other, and constitutes a separate demand upon which a separate cause of action may be based. And, since this is so, an enforcement of its lien by the Company against one or more of said lots, but not all, would be no bar to a later action by the Company to enforce its lien on the remaining lots because although the parties would be the same, the former recovery would not be upon the same, but a different, cause of action.

Although an authority from a foreign jurisdiction, the principle announced in *J. J. Brady* v. *Thomas Kelly* (1877), 52 Cal. 371, is strikingly applicable to the question now before us. In that case the court said:

"Where two or more lots are assessed for the expenses of work on a street, each lot is chargeable only with the amount assessed upon it, and not for the amount assessed against another lot, and in enforcing the lien of the assessment *the judgment should state the amount for which each*

*lot is liable, and should order a sale of each lot, or so much thereof as may be necessary to satisfy such amount and costs."* (Our emphasis).

The judgment rendered by the court is as follows:

"It is, therefore, ordered, adjudged and decreed by the Court that the defendants Bernard J. Frankenstein and Marian L. Frankenstein, his wife, pay the assessment in the sum of Six Hundred Sixty six Dollars, and Thirty Five Cents ($666.35) together with interest thereon at the rate of 6% per annum from September 13, 1951, until said assessment is paid to plaintiff herein in full, together with a reasonable fee for plaintiff's attorney in the amount of Two Hundred Fifty Dollars, ($250.00) collectively constitutes a valid and subsisting lien upon said real estate.

"It is further ordered, adjudged and decreed by the Court that the said plaintiff be and *he* hereby is entitled to recover its costs laid out and expended in this action.

"It is therefore, considered and adjudged by the Court that the real estate described in plaintiff's complaint, to-wit:

Lot Numbered 88, 90, 91, 92 and 93 in Paramount Extended, an Addition to the City of Fort Wayne, Allen County, Indiana,

or so much thereof as may be necessary for the purpose, be sold by the Sheriff of Allen County as lands are sold on execution, without appraisement, and the proceeds be applied as follows: to-wit:

First:    To the payment of the costs of this action.

Second: To the payment of the judgment rendered said plaintiff.

Third:    If any remains, the same to be paid to the defendant or his order."

We find no reason for the reversal of the judgment appealed from upon any of the grounds urged and properly presented by appellant. The cause was fully and fairly tried and, aside from the failure to decree

the liens and the amount due thereon separately as to each lot, as warranted by the evidence and required by the law, there appear no valid grounds of complaint. The court below could and should have restated its conclusions of law upon appellant's exceptions thereto and thereafter could and should have modified its judgment accordingly. A new trial would not have been necessitated by such action, since the only effect of the restatement of the conclusions of law and the modification of the judgment would be to make them conform to the law applicable to the facts proven. In practical contemplation, we have here a situation where the judgment is joint or collective as to the several liens proceeded upon, whereas it should have been several both as to the liens sought to be enforced and the lots encumbered by the respective liens. A restatement of the conclusions of law and a modification of the judgment in accord therewith, would result in no harm to either party and would attain substantial justice, without delay or further litigation, and would protect the appellant in his right to have the liens and the amount due thereon properly declared as to each separate lot.

It is generally held that courts of appeal are authorized, in a proper case, to order the modification of a judgment in the respects now contemplated. See 5 C. J. S., *Appeal and Error*, §1880, page 1365, and §1883 b, page 1368. Our statute, §2-3234, Burns' 1946 Replacement, provides that when a judgment is reversed, in whole or in part, the cause shall be remanded with instructions for a new trial, "when the justice of the case requires it; but if no new trial is required, with particular instructions relative to the judgment to be rendered and all modifications thereof." Justice does not here require a new trial. As before indicated, there is ample evidence to support findings, conclusions, and judgment providing for the declara-

tion and enforcement of the assessment liens sued upon, in severalty.

Therefore, this cause is remanded with instructions to vacate the judgment appealed from and to restate the conclusions of law, and modify the decree, by finding and concluding as to the amount assessed against each separate lot and the total amount due on the lien on each separate lot, and providing for the foreclosure of the separate lien as to each lot, with a proper order for the sale thereof, or so much thereof as may be necessary to satisfy the amount of the lien adjudged against it, and that all further proceedings be had in accordance with this opinion.

## ON REHEARING

KELLEY, J.—Appellant has filed a petition for rehearing, consisting of one typed petition unaccompanied by briefs or citation of authorities. We would be disinclined to expend our labors upon it were it not that our failure so to do might be misconstrued as lending weight to the weightless.

It is said in the petition that Section 6 of Chapter 99 of the Acts of 1931, the same being Section 48-4406 of Burns' 1950 Replacement, "only applied in cases where waivers were signed" and that the present action was "brought to foreclose a public improvement lien." While not so stated, the point attempted to be made is that in the instant case no bonds were issued and, therefore, the provisions of said Act of 1931 are inapplicable because confined to cases where bonds were issued.

The statute reads:

"If such city shall fail to collect any unpaid assessment, or installment thereof, when due, the owner of the bonds issued on account of said assessment, *or in case no bonds have been issued* then the per-

son to whom is due and owing the amount of such unpaid assessment for the performance of such work, shall have the right to proceed in any court of competent jurisdiction to enforce the lien of such assessment in the same manner as mortgages are foreclosed, recovering interest, penalty, costs and reasonable attorney fees, and to have the proceeds of the sale applied to his claim." (Our emphasis).

The statute expressly provides that: "The provisions of this section shall apply to all assessments . . . made and confirmed prior to the going into effect of this act." In *Hastings* v. *Gault et al.* (1940), 216 Ind. 315, 318, point 1, 25 N. E. 2d 232, the Supreme Court declared that "Section 6 of the act of 1931, *supra* (Section 48-4406, Burns' Ind. St. 1933), provides new remedies for the enforcement and collection of assessments. . . ." and "The whole tenor of the act of 1931 clearly indicates an intention to revise and substitute new remedies, . . ." It seems apparent that appellant has misconceived the application of the section of the 1931 act above mentioned.

Appellant further opines that we held in our main opinion that "it was necessary to set out (in the brief) an exact copy of the assessment roll." We do not recollect that we so held. We said that appellant "in his Condensed Recital of the Evidence, does not set forth *either* a copy of said Exhibit 1 or said certificate thereto *or the substance of either:*" (Our emphasis). Appellant continues that "in fact the substance of the same was set out in appellant's brief, Pages 22 and 23." Our reference to the designated pages of said brief discloses that the matter appellant refers to was contained in his motion for a new trial in the form of an objection in the trial court to the admission in evidence of said Exhibit 1. We see no error in our opinion in this particular.

It is also asserted in appellant's petition that we erred in holding, in the primary opinion, that the Board of Public Works had jurisdiction to order the construction of the sidewalk without giving notice to the abutting property to construct the same under private contract. The original opinion determines this assertion of error but we direct attention to the fact that we noted therein that "We find no assignment of error or specification in the motion for new trial under which such proposal was raised or presented or to which it can be applied." Appellant next complains that we erred in remanding the cause with instructions for restatement of the conclusions of law and modification of the decree instead of ordering a new trial. We have reexamined our position with relation to matter urged and find no reason to change the same. Appellant has given us the benefit of no authority on the question.

Lastly, appellant states that we erred "in not affording this appellant an opportunity for oral argument." The record discloses no request or petition by appellant for oral argument. We refer counsel to the provision of Rule 2-21 of the Supreme Court.

The petition for a rehearing is denied.

NOTE.—Reported in 143 N. E. 2d 468.

Rehearing denied 145 N. E. 2d 19.