Stanley BORUFF, Appellant–
Respondent,

v.

Lana L. BORUFF, Appellee–Petitioner.

No. 48A02–9203–CV–97.

Court of Appeals of Indiana,
Fifth District.

Nov. 10, 1992.

David W. Stone, IV, Stone Law Office &
Legal Research, Anderson, for appellant-
respondent.

RUCKER, Judge.

Stanley Boruff (Father) filed a petition
with the trial court seeking child support
for his two sons, contribution from Lana
Boruff (Wife) for college expenses for one
of his sons, and revocation of his spousal
maintenance obligation. The trial court de-
nied the petition and Father now appeals
raising four issues for our review which we
consolidate and rephrase as follows:

1. Did the trial court err in denying
Father's petition to modify child support?

2. Did the trial court abuse its discre-
tion in denying Father's request to im-
pose upon Mother an obligation to con-
tribute to the oldest son's college edu-
cation expenses?

3. Did the trial court abuse its discre-
tion in denying Father's request to re-
voke Father's spousal maintenance obli-
gation?

We remand.

The marriage between Mother and Fa-
ther was dissolved on October 1, 1987.

Two children, Darrin and Jason, were born
as a result of the marriage. The trial court
awarded custody of Jason to Mother, custo-
dy of Darrin to Father and ordered Father
to pay support in the amount of $75.00 per
week. Father was also ordered to pur-
chase hearing aids for Mother once every
three years under the spousal maintenance
provisions of Ind.Code § 31–1–11.5–11(e).
Approximately one year after the dissolu-
tion decree was entered, Mother and Fa-
ther filed a joint petition to modify the
decree requesting that Father be awarded
custody of Jason. The trial court granted
the petition. At that time, Father did not
seek child support from Mother.

On May 14, 1991, Father filed a
petition to modify which sought child sup-
port, monetary contribution to the oldest
son's college expenses, and a revocation of
his spousal maintenance obligations. After
a hearing, the trial court denied Father's
petition except to the extent the trial court
granted a reprieve on Father's spousal
maintenance obligation for the current
year. This appeal ensued.[1]

I.

Father argues the trial court erred in
failing to impose a support obligation on
Mother without making findings of fact to
justify the decision.

The Indiana Child Support Guide-
lines, effective October 1, 1989, create a
rebuttable presumption that the amount of
the award which results from their applica-
tion is the correct amount to be awarded.
Ind.Child Support Guideline 2; *Talarico v.
Smithson* (1991), Ind.App., 579 N.E.2d 671,
672. The Guidelines and commentary indi-
cate they are to be used in the context of a
petition to determine or modify support.
Ind.Child Support Guideline 4; *Gielsdorf-
Aliah v. Aliah*, (1990), Ind.App., 560
N.E.2d 1275, 1277.

[1]. We note Mother did not file an appellee's
brief. When the appellee fails to submit a brief,
the appellant may prevail by making a *prima
facie* showing of reversible error. *Hess v. Hess*
(1992), Ind.App., 588 N.E.2d 519, 520. Howev-
er, we are not compelled to reverse upon a
showing of mere *prima facie* error. *S.M.V. v.
Littlepage* (1982), Ind.App., 443 N.E.2d 103.
Here, we consider the questions properly pres-
ented and decide the case before us on the
merits.

When a trial court chooses to deviate from the Guidelines, it must articulate a sufficient basis for doing so. Ind. Child Support Rule 3; *Talarico*, 579 N.E.2d at 673. If the court concludes from the evidence in a particular case the amount of the award reached through application of the Guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion. *Id.* These findings need not be especially formal. They must, however, set forth the trial court's reason for deviating from the Guidelines.

In this case, based upon the evidence before the trial court, the Guidelines justify an award of support to Father in the amount of $187.00 per month. By denying any support to Father, the trial court deviated from the Guidelines and was therefore required to articulate its reasons for so doing. The trial court failed to state any reasons for its action and this was error. Accordingly, we remand this case with instructions to the trial court to either award support to Father consistent with the Guidelines or set forth its rationale for failing to do so.[2]

## II.

Father argues the trial court abused its discretion in denying his request that Mother pay a portion of Darrin's college expenses. Presently, Father pays the full costs of his son's college education in an amount between $3,472.00 and $3,672.00 per school year. Father does not contend he is unable to pay the expenses, he argues only that Mother should pay 21% of the expenses which represents her proportional share of the parents' combined income.

The decision of whether to award sums for a child's education, either separately or as a part of child support, is placed within the trial court's sound discretion. We will not reverse the judgment of the trial court absent a clear showing of abuse. *Thiele v. Thiele* (1985), Ind.App., 479 N.E.2d 1324. An abuse of discretion occurs when the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Questions of educational expense are likely to be fact sensitive and cannot be reduced to a specific formula. Child Supp.G. 3(E)(3). At least one factor in determining whether to require a parent to contribute to the expense of a child's higher education is the financial ability of the parent. *Thiele, supra;* Ind.Code § 31-1-11.5-12(b).

Mother testified that although she wished to help her son with the costs of his college education, she is unable to do so because she has only had $70.00 a month left after expenses. Father challenges this testimony by pointing out Mother has accumulated over $14,000.00 in savings. The record reveals that at least $10,000.00 of the savings is the result of an inheritance from Mother's grandparents. The evidence adduced at trial also shows Mother presently works as a computer broker at Fort Harrison, but she testified her department will close when Fort Harrison ends its operations. She stated in order to work she needs to wear two hearing aids which must be replaced periodically. Presently, the two hearing aids she needs cost a total of $1,600.00. Mother is purchasing a trailer home which currently has a balance owing of $15,784.00. Also, she is making payments on a medical bill with an unpaid balance of $2,874.00. Father's gross in-

---

**2.** We cannot agree with the dissent that Father waived any error concerning the trial court's failure to state its reasons for deviating from the Guidelines. There is no question that an appeal of alleged trial error must be based upon objection made during trial. Failure to make timely and proper objection waives the issue for review. *See e.g., Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709. However, our research reveals no current authority standing for the proposition that upon entry of a final appealable order a party must either object to the sufficiency of the order or else suffer waiver of any alleged error for purposes of appeal. In our view such requirement, if any, was eliminated by the 1989 amendment to the Indiana Trial Rules concerning Motions To Correct Error. Except for two instances outlined in Ind.Trial Rule 59(A)(1) and (2), which are not relevant here, all issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief.

come as an electrician is approximately $1,000.00 per week. Except for Darrin's college expenses, there was no evidence introduced at trial demonstrating Father's monthly expenses.

The evidence here reveals Mother's financial ability to contribute to Darrin's college education is severely limited. Although the trial court might have ordered Mother to make a modest contribution to her son's educational expenses, we cannot conclude the trial abused its discretion in failing to enter such an order.

## III.

■ Father also contends the trial court erred in denying his petition to revoke his spousal maintenance obligation of purchasing hearing aids for Mother every three years. The record shows in 1989, Mother began working at Fort Harrison as a computer broker earning $6.91 an hour. However, her department at the Fort is due to close and move to another state. Previously she had been earning $4.25 an hour. Father asserts Mother's higher paying position represents a substantial change warranting modification of the original maintenance award. He urges this change of circumstances establishes Mother's hearing loss no longer materially affects her ability to support herself.

Indiana Code § 31-1-11.5-11(e) provides spousal maintenance may be granted when (1) the spouse is physically or mentally incapacitated, and (2) the incapacity materially affects the spouse's ability to support herself. The burden is upon the petitioner at the modification hearing to establish changed circumstances so substantial and continuous as to make the terms of the original decree unreasonable. *Baker v. Baker* (1990), Ind.App., 552 N.E.2d 525, 528, *trans. denied.* Thus, in this case Father carries the burden of demonstrating a change in circumstances warranting a modification in that part of the dissolution decree ordering him to pay for Mother's hearing aids.

Contrary to Father's assertion, Mother's increase in pay, standing alone, does not demonstrate a continuing and substantial change in circumstances justifying a revocation of his obligation to pay spousal maintenance. This is especially so in light of the fact that Mother's employment is expected to soon terminate. Further, Mother testified the hearing aids were her life and the record suggests her ability to work without the aids would be impaired. We also note although the trial court denied Father's petition for total revocation of his maintenance obligation, the trial court relieved Father from paying for hearing aid expenses for the year 1992. Thus, Mother will have to purchase the needed hearing aids herself this year. Father has failed to demonstrate an abuse of discretion on this issue.

For the reasons previously discussed, this cause is remanded with instructions to the trial court to either award support to Father consistent with the Guidelines or set forth its rationale for failing to do so. In all other respects the judgment of the trial court is affirmed.

Remanded.

MILLER, J., concurs.

CONOVER, J., dissents with opinion.

CONOVER, Judge, dissenting.

While I concur on other issues, I dissent to the majority's determination to remand this cause to the trial court for the entry of findings or the award of support to Father. That issue has been waived, in my opinion.

After the parties' marriage was dissolved, custody of Father's two sons was placed in him by the court pursuant to a joint petition requesting that action, but Mother was to pay no support. Later, Father filed the current petition, seeking child support from Mother, contribution to one son's college expenses, and revocation of Father's spousal maintenance obligations the court had earlier granted Wife.

After hearing, the trial court denied Father's petition, but granted him a reprieve on his spousal maintenance obligation for the current year. In doing so, however, the trial court did not enter findings explaining why it did not impose a support

obligation on Mother, as it was required to do by the Child Support Rules. Ind. Child Support Rule 3, p. 306 (West Publ.Co.1992) says:

> *Deviation from Guideline Amount.* If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion.

However, Father filed no Ind.Trial Rule 60(A) or other motion to call this oversight to the trial court's attention prior to filing this appeal. He first raised the trial court's failure to enter findings issue in his appellant's brief. I believe his failure to raise that issue initially in the trial court waives it on appeal.

Under T.R. 60(A), courts on their own motion or on the motion of a party, may correct clerical mistakes and oversights or omissions which plague a judgment. *Sarna v. Norcen Bank* (1988), Ind.App., 530 N.E.2d 113, 115, *reh. denied, trans. denied.* An objection to the form of a judgment should be raised by a motion to modify, and when not so raised, that objection is waived. *Wood v. Hughes* (1894), 138 Ind. 179, 37 N.E. 588, 589. Unless raised by motion to modify in the trial court, no objection can be made on appeal. *Frankenstein v. Coil Const. Co.* (1957), 127 Ind. App. 642, 143 N.E.2d 468, 472, *reh. denied,* 127 Ind.App. 642, 145 N.E.2d 19.

In the absence of specific legislative intent to the contrary, litigants should neither be required nor permitted to resort to the appellate courts of the state in order to correct errors of law occurring in the trial of cases, without first specifically presenting such errors to the trial court for reconsideration and correction prior to appeal. They should not be required to incur the expense and delay of appeal without such opportunity, nor should the appellate tribunals of this state be burdened with the review of litigated cases until the specific errors complained of have first been reviewed by the trial court. *State ex rel.*

*Barner v. White Circuit Court* (1958), 237 Ind. 443, 147 N.E.2d 10, 14.

Father did not present the trial court's failure to make findings to the trial court by a motion to modify or in any other manner. I believe it clear the issue is waived. Thus, we cannot remand this cause to the trial court because appellate review in such case is precluded. *Kline v. Business Press, Inc.* (1987), Ind.App., 516 N.E.2d 88, 90, *reh. denied, trans. denied.* Our court is without jurisdiction to consider questions raised for the first time on appeal. *City of Gary v. Archer* (1973), 157 Ind.App. 477, 300 N.E.2d 687, 688.

For those reasons, I would affirm the trial court in all respects.