SEARS, ROEBUCK & CO. *v.* STATE OF INDIANA EX REL. RYAN,
ADMX., ET AL.; SUTTON, ETC., ET AL. *v.* SEARS,
ROEBUCK & CO., ET AL.

[No. 30,204.  Filed April 13, 1967.]

*Harry T. Ice, Geoffrey Segar* and *James E. Hawes, Jr.,* all of Indianapolis, and *William J. Coughlin,* of Chicago, Illinois, and *Ice, Miller, Donadio & Ryan,* of Indianapolis, both of counsel, all for appellants.

*Richard J. Hartman* and *O. T. Kilgore,* of counsel, both of Indianapolis, for appellees.

JACKSON, J.—This is an appeal by Sears, Roebuck & Co. from a judgment of the Superior Court of Marion County issuing a mandate to the Auditor and Treasurer of Marion County, each of whom is named as an appellee herein, pursuant to the Complaint for Mandate of the appellee-relatrix, Thelma Pearl Ryan, as administratrix of the estate of Irl O. Dudley, and as an individual. The action at bar was commenced by the appellee-relatrix by the filing of a verified complaint for mandate on the 5th day of November, 1954, against the Auditor and Treasurer of Marion County, in which action appellant was granted leave to intervene as a party defendant.

The issues were formed in the trial court by the Complaint for Mandate, as amended at the pre-trial conference, the "Supplement Complaint in Fraud, to Complaint for Mandate Herein," the Answer of the appellees Treasurer and Auditor as amended by interlineation at the pre-trial conference, the Answer of appellant as an intervening defendant, and the Reply to Answer in Intervention filed by the appellee-relatrix.

The issues for the trial court to decide were whether a mandate should issue to the Auditor and Treasurer of Marion County, which would require them to perform certain acts necessary to collect personal property taxes on goods, wares and merchandise on layaway or in warehouses allegedly

omitted from assessment during the years 1938 to 1947, as shown on specifically identified tax duplicate, or whether by reason of certain prior judgments the liability of the appellant for such taxes had been finally and conclusively determined and the amount so determined subsequently paid, which judgments were not open to a collateral attack.

On September 23, 1958, the issues were submitted to the Superior Court of Marion County, without the intervention of a jury, upon a stipulation of the evidence by the parties, supplemented by the testimony of two witnesses, E. Allen Hunter and C. S. Ober.

The stipulation of the parties omitting certain exhibits, captions, signatures, certifications and formal parts, was as follows:

"The parties in the above entitled cause hereby submit to the Court the following as the stipulation of all the evidence submitted to the Court in the cause, and it is agreed and confirmed by all the parties that the facts herein recited shall be the evidence submitted and that all exhibits referred to herein shall be incorporated and considered as parts of the evidence respectfully, without further recital of incorporation or inclusion.

"1. On the 3rd day of November, 1948, the Auditor of Marion County, Indiana, entered and made an assessment for omitted taxes against Sears-Roebuck & Company, hereinafter called Sears, said assessment being for alleged personal property not reported for taxation, being as shown on 'Exhibit A,' the taxes claimed due under said assessment being in the sum of $204,941.50.

"2. Sears filed a statutory appeal, posted bond, and subsequently, on the 25th day of February, 1949, the Marion Circuit Court entered its decree setting aside the assessment of the Auditor and ordering a new assessment made in the place thereof. A copy of said decree is attached hereto as 'Exhibit B.'

"3. Subsequently thereto and following the judgment set out in 'Exhibit B' and prior to the decision of the Indiana Appellate Court reported in 123 Indiana Appellate 358, the auditor entered an assessment of omitted property, a copy of which is incorporated as 'Exhibit C.'

"4. The Marion Circuit Court on February 26, 1949, made its entry, certified copy of which is incorporated as 'Exhibit D.'

"5. That no subsequent action was ever taken by the auditor of Marion County, Indiana, concerning the omitted property originally assessed as shown in 'Exhibit A.'

"6. On the 27th day of May, 1949, plaintiff's decedent filed two paragraphs of petition in the Marion Circuit Court, praying that the foregoing entry of the Court on February 25, 1949, be set aside and vacated; said petition bore the cause number, In Re #6423. A copy of said petition is incorporated as 'Exhibit E.'

"7. To which petition the Circuit Court sustained Sears' amended demurrer and upon the petitioner Dudley's refusal to plead over, judgment was entered against the petitioner.

"8. Petitioner appealed the foregoing judgment to the Appellate Court of Indiana, which handed down its opinion and decision therein on the 31st day of December, 1952. Pending the appeal, petitioner Ryan in this cause was substituted following the death of Dudley. The decision of the Appellate Court is found in Volume 123, page 358, of the Official Reports of the Appellate Court; 109 N. E. 2d 620.

"9. Carl L. Compton was selected by the parties by striking and was qualified as Special Judge in the cause, No. 6423.

"10. The instant action was filed in the Marion Superior Court on the 5th day of November, 1954.

"11. On the 8th day of November, 1954, petitioner Ryan, in No. 6423, the same person as petitioner in this cause, filed her verified petition for Writ of Mandamus in the Appellate Court against the Marion Circuit Court and the Special Judge thereof, seeking an order that the Judge carry out the mandate of the Appellate Court's decision handed down on the 31st day of December, 1952.

"12. Subsequent thereto, the Judges of the Appellate Court in informal conference verbally gave their instruction to the Circuit Court and the Special Judge thereof, through counsel, and postponed action on a permanent writ, and no further action by the Appellate Court was ever taken on said petition for mandate." [See footnote 1]

1. In a footnote at the bottom of page six of appellant's Reply Brief and cross-appellee's Answer Brief appears the following:
"The judgment of December 9, 1954 (Tr. p. 206, Appendix I of this Brief) following the mandate by the Appellate Court. At this point it

"13. Subsequently, the Marion Circuit Court, by the Special Judge, Carl Compton, on December 9, 1954, entered judgment. A copy of said judgment entry is incorporated herein as 'Exhibit F,' from which judgment no appeal was taken by anyone and which is now in full force and effect.

"14. On the same date, the Circuit Court dismissed the second paragraph of petition in No. 6423, pursuant to petitioner's motion to dismiss.

"15. On the 16th day of December, 1954, petitioner filed in said cause her third paragraph of petition a certified (sic) of which is incorporated herein as 'Exhibit G.'

"16. On the 22nd day of March, 1955, petitioner filed and subsequently perfected her change of venue of Cause No. In Re 6423 to the Hamilton Circuit Court. In said court it was No. B-394.

"17. On the 19th day of May and the 11th day of July, 1955, defendant Sears filed its paragraphs of answer to petitioner's third paragraph of petition in the Hamilton Circuit Court. Copies of such answers are incorporated herein as 'Exhibits H and I.'

"18. On the 15th day of May, 1956, the Marion Superior Court heard evidence in this instant cause, at which time the following were entered as exhibits by petitioner as evidence in the cause:

"The entire transcript of the proceedings in the Marion Circuit and Hamilton Circuit Courts of Indiana and the Appellate Court of Indiana in cause No. In Re 6423 of Marion Circuit Court, No B-394 in Hamilton Circuit Court.

"19. Subsequently, on the 15th day of July, 1955, the Hamilton Circuit Court entered its judgment in No. 6423 as venued from the Marion Circuit Court, which judgment was that the petitioner take nothing by her petition. A certified copy of said judgment is incorporated as 'Exhibit J.'

should be noted that the Stipulation, in paragraphs 11 and 12, states that application was made in the Appellate Court, Cause No. 6423, for a mandate, but that none was issued. Apparently though in no way of any material consequence, the Stipulation is in error. It has just been discovered that a petition for a mandate was filed in the Appellate Court November 9, 1954 and docketed as Cause No. 18661. A mandate was issued December 1, 1954. The lower court's order followed the mandate on December 9, 1954. If anything, this new fact further strengthens the Stipulation's paragraph 13 (Tr. p. 200) that no appeal was taken by 'anyone' from this judgment and that it is 'in full force and effect.' (See Appendix I of this Brief for a copy of the order.)"

"20. On the 13th day of September, 1956, petitioner filed her appeal from the Hamilton Circuit Court by filing a transcript of the proceedings in the Supreme Court of Indiana.

"21. On March 14, 1958, petitioner dismissed her appeal from the judgment of the Hamilton Circuit Court.

"22. On the 11th day of April, 1957, petitioner filed her complaint in the Hamilton Circuit Court to review the aforesaid judgment of that Court, said cause being numbered B-1391 in said Court, incorporated herein as 'Exhibit K.'

"23. Subsequently, Sears, as defendant in said cause, filed its answer therein, which answer is incorporated herein as 'Exhibit L.'

"24. On April 11, 1958, the Hamilton Circuit Court entered its judgment in said cause, numbered B-1391, that the petitioner take nothing by her complaint, a certified copy of said judgment being incorporated as 'Exhibit M.''

Thereafter E. Allen Hunter was called as a witness and testified on direct examination as follows:

"My name is E. Allen Hunter. I am Auditor of Marion County. The records of my office show that the assessment set out in Exhibit A has not been paid. The records of my office reflect that the only amount paid on the assessment set out in Exhibit C was the $20,203.72 which Exhibit C shows was paid on 2/26."

Thereafter C. S. Ober was called as a witness and testified on direct examination as follows:

"My name is C. S. Ober; I am the Treasurer of Marion County. The records of my office show that the assessment set out in Exhibit A has not been paid. The records of my office reflect the only amounts paid on the assessment set out on Exhibit C was the $20,203.72 which Exhibit C shows was paid on 2/26."

Thereafter, the court rendered its judgment in said cause as follows:

"Come now the parties by counsel and file their stipulation of all the evidence and agree that the facts therein stipulated shall be the evidence submitted and that all

exhibits referred to therein shall be incorporated and considered as parts of the evidence, to-wit: (H.I.).

"And the Court having reviewed said stipulation and being duly advised in the premises finds as follows:

"1.  On November 3, 1948, the Auditor of Marion County entered and made an assessment for omitted taxes against Sears Roebuck & Company, defendant in intervention, said assessment being for personal property not reported for taxation and not previously assessed and being in a total sum of $6,100,000.00 and with taxes claimed due thereon in the sum of $204,941.50, said taxes being for the years 1938 through 1947, inclusive.

"2.  That on February 25, 1949, the Marion Circuit Court set aside the assessment of the auditor and ordered a new assessment fixing the tax at $20,203.72 without making any valuation of the property so assessed; that on December 31, 1952, the Appellate Court of the State of Indiana reversed the said judgment of the Marion Circuit Court insofar as it attempted to fix the tax on said unassessed and omitted property. That on December 9, 1954, the Marion Circuit Court remanded said assessment to the Marion County Auditor.

"3.  That no subsequent action has ever been taken by the Auditor of —Marion County, Indiana, concerning the omitted property originally assessed as shown in 'Exhibit A' of the stipulation before the Court listing unassessed and omitted property in the total amount of $6,100,000.00 on which the tax was originally assessed of $204,941.50.

"4.  The Court finds for the relators on their verified petition and supplemental complaint, which instruments are in the words and figures following: (H.I.), and finds that the auditor and treasurer (sic) should be mandated to carry out the duties imposed upon them by law.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that defendant E. Allen Hunter, Auditor of Marion County, and his successors in office be and they are hereby mandated to act in accordance with the duties imposed upon them by law with respect to the assessment of the unassessed and omitted property set forth in petitioners' verified petition and supplemental complaint filed herein and also referred to in 'Exhibit A' of the stipulation, and the Auditor is directed to make up a tax duplicate in accordance with the law for such property, if any, and to levy the taxes thereon in accordance with the law and present the

same for collection to defendant C. S. Ober, Treasurer of Marion County, and his successors in office and the Court mandates said defendant, C. S. Ober, Treasurer of Marion County, and his successors in office to accept said tax duplicate and assessment and to proceed forthwith to collect the tax thereon, it (sic) any, as provided by law. The Court further mandates defendant E. Allen Hunter, Auditor of Marion County, and his successors in office to forthwith make due return to this Court showing full compliance with this mandate.

"And the Court now takes up the matter of the petition heretofore filed for reasonable attorneys' fees for the attorneys for the relators for their services herein, and the Court finds that a reasonable sum for the recovery of taxes for unassessed and omitted property is fifty percent (50%) of the tax, interest, and penalties recovered, and the Court therefore directs that in the event that an assessment results in the collection of taxes on the property described in 'Exhibit A' in the stipulation, the plaintiffs' attorneys, Harrison White and Earl C. Townsend, Jr., should receive fifty per cent (50%) of the taxes, interest, and penalties thereon for their services rendered that (sic) State of Indiana herein.

"It is therefore directed that there shall be deducted by the Marion County Treasurer from the amount of any payment collected by him pursuant to this mandate fifty per cent (50%) of all sums so collected and that he shall pay from the deducted amount the following:

"1. The petitioners' attorneys' fees as determined herein payable to Harrison White and Earl C. Townsend, Jr., attorney for relators."

Thereafter, on January 16, 1959, appellant filed its Motion for a New Trial, such motion, omitting caption, signature and formal parts reads as follows:

"Defendant, Sears-Roebuck and Company moves the court that it be granted in *full* consideration a new trial in the above entitled cause for the following reasons:

"1) The decision of the court is not sustained by sufficient evidence.

"2) The decision of the court is contrary to law.

"WHEREFORE, defendant Sears-Roebuck and Company prays that it be granted a new trial."

Thereafter, by letter, pursuant to the provisions of the mandate, the Auditor of Marion County reported to the Superior Court of Marion County his action with respect thereto, as follows:

"Pursuant to decree entered December 23, 1958, I have checked the records of the Marion County Auditor, and find that the omitted property originally as assessed, as shown in Exhibit 'A' of the stipulation before the court, has never been removed from the Auditor's Special Tax Duplicate.

"I am therefore, certifying same to the Marion County Treasurer for collection."

On January 22, 1959, the cross-appellants filed their motion for a new trial, which motion, omitting caption, signature and formal parts, reads as follows:

"The Defendants, E. Allen Hunter, Auditor of Marion County, and C. S. Ober, Treasurer of Marion County, and each of them, move the Court for a new trial herein on each of the following grounds:

"1. The finding of the Court is not sustained by sufficient evidence.

"2. The finding of the Court is contrary to law.

"3. The finding of the Court is not sustained by sufficient evidence and is contrary to law."

On November 17, 1961, the court overruled the motions for new trial by appellant and by cross-appellants, such order reading as follows:

"Come again the parties by Respective Counsel and the Court being fully advised Now overrules the motion for New Trial of Defts: Sears Robuck (sic) Co., and Auditor and Treasurer of Marion County."

The error relied upon by appellant and both cross-appellants is the single ground: The court erred in overruling the motion for a new trial.

The proceeding now before us had its inception in November, 1948, the issue revolves around an alleged omission from

assessment for taxes of certain merchandise in layaway and merchandise in warehouses, going back as far as 1938. The person who as petitioner, set in motion the whole maze of petitions, demurrers, motions, answers, entries, judgments, mandates, motions for new trials, appeals and cross-appeals which have wound their way through three lower courts, the Appellate Court of Indiana and this Court, Irl O. Dudley, is dead. Thelma Pearl Ryan, the administratrix of his estate, substituted years ago as a party, has not appeared in this appeal. One of the counsel for the original petitioner is now deceased, and his co-counsel has not appeared in this appeal to defend either Thelma Pearl Ryan's position or the award of his fee made in the mandate proceeding from which this appeal arose, nor to assist the court by filing a brief.

While from time to time in this opinion it will become necessary to refer to some of these prior proceedings, they need not and will not be treated exhaustively.

There is little or no dispute as to the facts in the case. In November, 1948, an assessment was made by the Marion County Auditor of goods and merchandise allegedly owned by appellant on items on layaway or in warehouses and allegedly omitted from assessment during the years 1938 through 1947. The assessment was in excess of six million dollars, and the tax thereon exceeded two hundred thousand dollars. An appeal therefrom was perfected to the Marion Circuit Court which ordered such assessment set aside by its judgment of February 25, 1949, finding that such assessment was not substantiated. The court itself then proceeded to make an assessment of that property in an amount in excess of five hundred eighty-five thousand dollars.

The record shows that pursuant to the order of the Marion Circuit Court of February 25, 1949, the Marion County Auditor, Ralph Moore, entered the assessment for the taxes due on personal property of Sears, Roebuck & Company for the

years 1938 to 1947 inclusive on the Tax Duplicate for Marion County, Indiana, For 1948 Personal Property Taxes Payable. in 1949. The appellant paid to the Treasurer of Marion County all the taxes due on said assessment in the amount of $20,203.72 on February 26, 1949.

In May 1949, the appellee-relatrix's decedent brought a taxpayer's class suit to set aside that judgment. A demurrer to both paragraphs of that petition was sustained. An appeal was then taken to the Appellate Court. During the pendency of that appeal, the original petitioner died and the present appellee-relatrix was substituted. On December 31, 1952, the Appellate Court reversed the Marion Circuit Court holding that such court exceeded its power and jurisdiction in attempting to fix a specific valuation on the property attempted to be assessed, and that the judgment was "void *ab initio* as to the purported reassessment. . . . Appellant's second paragraph of petition stated a good cause of action to set aside and vacate that portion of the judgment which exceeded the jurisdiction of the trial court and therefore the sustaining of the demurrer thereto was error." *Dudley* v. *Sears, Roebuck & Co.* (1953), 123 Ind. App. 358, 372, 373, 109 N. E. 2d 620. The cause was remanded to the Circuit Court for further proceedings consistent with the Appellate Court opinion.

The judgment of the Appellate Court was received on April 9, 1953, and on December 9, 1954, the Marion Circuit Court ". . . pursuant to, and according to the mandate of the Appellate Court of Indiana in this cause which mandate is expressed in the opinion and judgment . . ." ordered, adjudged and decreed that the portion of its judgment entered on February 25, 1949, attempting to assess, fix the value and determine the tax for the alleged omitted property "are expunged from said judgment, set aside and vacated therefrom, and held for naught as follows:". Then the Court set out specifically and expressly that portion of its judgment revoked

by the Appellate Court opinion. The court then on December 9, 1954, made the following further order as follows:

". . . the following words, recitals, and contents are not expunged or vacated but remain a part of said judgment, to-wit:

"IT IS THEREFORE, CONSIDERED, ADJUDGED, AND DECREED BY THE COURT that certain assessments of the property of the appellant herein, Sears Roebuck and Company, described as merchandise in layaway and merchandise in warehouses, which assessment was made by Ralph Moore, Auditor of Marion County, Indiana, as property omitted from taxation, and which was by him entered upon the tax duplicate of Marion County, Indiana, upon the 3rd day of November, 1948, be and the same is hereby set aside and held for naught and said auditor is hereby ordered to expunge the same from said duplicate; that said assessment be and the same is hereby remanded to said Auditor of Marion County, Indiana."

The judgment above has never been appealed from, nor has it been attacked in any way, directly or indirectly.

It is true that the assessment on which the appellant made payment was made pursuant to the order of the Marion Circuit Court judgment of February 25, 1949, which was later reversed in part by the Appellate Court. But it is also true that the original assessment made November 3, 1948, was wiped out by the judgment of the Marion Circuit Court of February 25, 1954, and was ordered "set aside and held for naught and said auditor is hereby ordered to expunge the same from said duplicate; . . . ." The order setting aside the original assessment was reiterated by the Marion Circuit Court in its judgment of December 9, 1954. So far as the record discloses, and it is so stipulated, no assessment or attempted assessment of the property owned or allegedly owned and allegedly omitted from assessment for the years 1938 to 1947 was thereafter made.

The parties stipulated that the judgment of the Marion Circuit Court dated December 9, 1954, "is now in full force

and effect." That judgment, with or without the stipulation, precluded appellee-relatrix from obtaining the relief sought in the mandate proceedings here on appeal from the Marion Superior Court because the issues attempted to be raised had been determined by the above mentioned judgment and the matter was and is res judicata.

Furthermore, the complaint fails to state, or the evidence sustain, a cause of action upon which a writ of mandate could lawfully issue. There was no evidence of probative value and no finding that appellant had property that was omitted from taxation or that it owed any tax for the years 1938 through 1947. There was no evidence of probative value presented in the case at bar showing that either the Auditor or Treasurer of Marion County, Indiana, failed, neglected or refused to perform any official duty imposed by law on them or either of them. Failure of the appellee-relatrix to appear in this appeal or file briefs can, should be and is taken as a confession of error.

An action for mandate is a statutory action, and a mandate will issue only upon compliance with the statute, and only under the conditions there set forth. For a more comprehensive resume of circumstances under which a writ will issue see: *State ex rel. Reiman* v. *Kimmell* (1937), 212 Ind. 639, 648, 10 N. E. 2d 911, 915; *State ex rel. City of Hammond* v. *Foland, Auditor* (1921), 191 Ind. 342, 349, 132 N. E. 674, 676, 677; *State ex rel. Daggy* v. *Allen, Auditor* (1920), 189 Ind. 369, 373, 127 N. E. 145, 146.

The appellant has specifically raised the question of res judicata in this appeal. We agree with its contention that appellee-relatrix, in the case at bar, has failed to raise even one issue that she had not previously raised, in one form or another at least once in some prior proceeding. The entire transcript of the proceedings in the Marion Circuit and Hamilton Circuit Courts of Indiana and the Appellate Court of Indiana in cause No. In Re 6423 of Marion Circuit Court,

No. B-394 in the Hamilton Circuit Court were entered as evidence herein by appellee-relatrix by stipulation.

The judgments of the Hamilton Circuit Court dated July 15, 1955, and of the Marion Circuit Court dated December 9, 1954, remain undisturbed, not appealed from, and in full force and effect; the issues raised or attempted to be raised by appellee-relatrix in the case at bar had been previously determined adversely to her by those judgments and therefore as to her and all members of her class are res judicata.

Whenever a court, having power to determine a given question, is presented with that question by the pleadings, a judgment thereon is conclusive upon all bound thereby. All members of a designated class are bound by judgments made in actions properly brought in their behalf, where their interests are adequately represented, although all of such persons are not specifically designated by name in that action. *State ex rel. Rader* v. *Lake C. C., Kaul, J., etc.* (1957), 237 Ind. 273, 277, 145 N. E. 2d 15, 17; *Kimes* v. *City of Gary* (1946), 224 Ind. 294, 300, 66 N. E. 2d 888, 890; *State ex rel. Piel* v. *Arkansas Construction Co.* (1929), 201 Ind. 259, 263, 167 N. E. 526, 527.

Cross-appellants have raised some questions in their assignment of error and their brief that should, we think, be discussed. The judgment has previously been set out in this opinion.

We have previously discussed and decided all but one of the issues raised by the cross-appellants and that is with reference to the allowance of the attorney fees for relators attorneys. Cross-appellants insist that the part of the judgment relating to attorney fees must be reversed for at least three reasons. The main thrust of their argument is "there is no evidence at all in the record on the subject of the amount, adequacy or reasonableness of attorney fees. The lack of evidence is fatal. 3 West Ind. Law Encyclo-

pedia, p. 330, says: 'A finding by the court as to the value of an attorney's services should be supported by testimony.' (See cases cited under Sec. 50, ch. 3 thereunder.)"

We agree with cross-appellants contention that there is no evidence in the record as to the amount, adequacy or reasonableness of the attorney fees complained of. Likewise, there is no showing in the record that any attorney fee, allowed in this action, has or has not been paid.

The judgment of the Marion Superior Court entered on December 23, 1958, is reversed; the mandate entered thereon is hereby vacated, set aside, nullified and held for naught; the cause is remanded to the Marion Superior Court with instructions to enter judgment against appellee-relatrix and in favor of appellant, Sears, Roebuck & Co.; it is further ordered that the Marion Superior Court enter judgment against appellee-relatrix and in favor of appellees Auditor and Treasurer of Marion County, Indiana. It is further ordered that the Marion Superior Court enter judgment against the appellees and cross-appellants, Auditor and Treasurer of Marion County, Indiana, to the effect that any and all action and/or steps taken by them or either of them pursuant to such prior mandate be vacated, rescinded, set aside and determined to be of no force and effect.

Arterburn, C. J., Hunter and Mote, JJ., concur, Myers, J., concurs in result.

NOTE.—Reported in 225 N. E. 2d 175.