Gene Edward RICE, Appellant
(Respondent below),

v.

Carol Suzanne RICE, Appellee
(Petitioner below).

No. 3–1282A346.

Court of Appeals of Indiana,
Third District.

March 28, 1984.

Tom A. Black, Plymouth, for appellant.

Richard W. Mehl, Richard L. Mehl, Goshen, for appellee.

GARRARD, Judge.

Gene Edward Rice (father) and Carol Suzanne Rice (mother) were divorced on December 19, 1977. The court awarded custody of their child, Matthew Jonathan Rice, age 3, to the mother and ordered the father to pay $25 per week support. On April 19, 1979 the court entered its order incorporating the parents' Stipulation and Agreement to modify the previous custody order by granting custody of the child to the father for nine months and to the mother for three months during the summer. The original support order was not specifically terminated. The mother filed an Emergency Petition for Modification of Custody on February 23, 1982. The father appeals from the trial court's order granting custody of the child to the mother, ordering him to pay $40 per week support and awarding attorney fees to the mother.

■ The trial court has discretion to determine who should have custody of a child. *Loeser v. Loeser* (1974), 160 Ind. App. 236, 311 N.E.2d 636, *cert. denied* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822. Modification of a child custody order is permissible only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. IC 31–1–11.5–22(d). On appeal, the appellant must show that the trial court abused its discretion. *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172. We will not reweigh the evidence or adjudge the credibility of witnesses. A reversal for abuse of discretion will occur only if the trial court's order is against the logic and effect of the facts and circumstances before the court or the inferences drawn therefrom and if there is no substantial probative evidence to support it. *Barnett, supra; Poret v. Martin* (1982), Ind., 434 N.E.2d 885.

The evidence disclosed that while in the father's custody, the child performed so poorly in school that he was retained in the first grade. There was testimony that the child often arrived at school unclean, received frequent discipline from the father and had no substantial play time with his peers. The home investigation of the mother noted that she was capable of providing for the child's physical and emotional needs in a loving and stable home environment.

The trial court stated in its order modifying custody that *"the court simply did not believe that the Mother of said minor had been a contributing factor to his poor performance and development, and that by awarding her custody, said minor will have a more normal life style and development."* Transcript, p. 55, Court's Findings. (Emphasis in original.)

■ We cannot say the trial court's decision is against the logic and effect of the facts and circumstances before the court or that the evidence is neither substantial nor probative. We therefore conclude the trial court's decision awarding custody of the child to the mother should be affirmed.

The father argues that the trial court erred by modifying the original support order without finding a substantial and continuing change in circumstances as required by IC 31–1–11.5–17(a). The father maintains the trial court failed to find any evidence of change in the financial condition of the parties subsequent to the previous support order which would justify the increase in the amount of support. The father also asserts the trial court was required to make findings of the child's present or future needs which might also justify an increase.

■ What this argument fails to recognize is the fact that the change of custody from one parent to another is, in itself, a substantial change of circumstances which justifies a modification of support. In *Hayden v. Hite* (1982), Ind.App., 437 N.E.2d 133, the court noted that a grant of temporary custody to the husband signified a substantial change of circumstances which justified the suspension of a support order. The court noted the husband's duty to support his children remained constant and his obligation to send support payments to the ex-wife ceased because he had custody.

Here, the father's *duty* to support his child has remained constant, no matter which parent had custody. When he received custody, however, pursuant to the 1979 stipulation there was a substantial change in circumstances. When the trial court awarded custody back to the mother, that too signified a substantial and continuing change of circumstances.

■ Modification of a support order is reviewed only for an abuse of discretion. *Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321. To obtain a reversal, the appellant must show that the trial court's action is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable and actual deductions to be drawn therefrom. *Summerlot v. Summerlot* (1980), Ind.App., 408 N.E.2d 820.

■ The trial court considered evidence of both parties' economic and personal circumstances based on court-ordered home studies. The studies revealed that the father made approximately $33,000 per year and had relatively few liabilities. The mother made approximately $21,000 per year but had various expenses for mortgage, car payments and other debts. Given these circumstances and the court's consideration of them, we cannot say the support order was an abuse of discretion.

We hold that a change of custody from one parent to another is, in itself, a substantial and continuing change of circumstances sufficient to justify modification of a support order under IC 31–1–11.5–17(a) and affirm the trial court's order of support.

The trial court awarded $300 in trial attorney's fees and $2,500 in appellate attorney's fees to the mother. Since no evidence was presented at trial to justify either amount, the father claims the awards constituted an abuse of discretion.

■ On the general question of whether a court can award attorney's fees in the absence of supporting evidence, Indiana law is conflicting. *Compare Sears, Roebuck and Co. v. State* (1967), 248 Ind. 169, 225 N.E.2d 175 (mandate to collect taxes) with *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41 (divorce). However, decisions continue to acknowledge that in divorce and dissolution actions the court may judicially notice what constitutes a reasonable fee. This is especially true when the fees are modest or the norm for the type of litigation involved. *U.S. Aircraft Financing v. Jankovich* (1980), Ind. App., 407 N.E.2d 287. In addition, *Jankovich* states that where the nature of the action is unique, such as in the mandamus proceeding in *Sears, supra*, absence of evidence regarding attorney fees is fatal. The father's assertion that this action is unique is without merit. Custody proceedings are often hotly contested but the fact the trial proceeded over a period of two days with each party calling two witnesses in addition to their own testimony does not raise it to the level of a unique case. With respect to the need for evidence of attorney's fees, custody proceedings are similar to divorce actions and the absence of evidence is not fatal.[1]

■ An award of attorney's fees will be reviewed only for an abuse of discretion which includes the ability to award less than the full reasonable value of services rendered. *DeLong v. DeLong* (1974), 161 Ind.App. 275, 315 N.E.2d 412. This court sustained an award of both trial and appellate attorney's fees in *Geberin v. Geberin, supra* by noting that the trial court may be familiar with the action, the parties' financial positions, and the amount of work required on appeal. Here, the trial court heard evidence on a petition for attorney's fees regarding the parties' respective abilities to pay and heard testimony by the attorneys regarding expected appellate expenses. The court noted that neither party could afford the action and consequently did not place the total burden of attorney's fees on the father. In fact, the court established a *maximum* amount which the father would be required to pay only after

1. The better practice in all cases is to introduce evidence in support of attorney fees.

the expenses were substantiated in a detailed accounting of actual costs submitted to the court by the mother.[2] No clear abuse has been shown. The award of attorney's fees is sustained.

Affirmed.

STATON, P.J., concurs in result.

HOFFMAN, J., concurs.

---

**2.** The parties do not address whether this constituted an appealable order. Under the circumstances presented we find it unnecessary to consider the point. *See,* however, *Richards v. Crown Point Comm. Sch. Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5.