**Robert L. DORGAN,**
**Appellant–Respondent,**

v.

**Brenda K. DORGAN,**
**Appellee–Petitioner.**

**No. 18A04–9010–CV–470.**

Court of Appeals of Indiana,
Fourth District.

May 20, 1991.

Donald H. Dunnuck, Dale E. Hunt, Dunnuck, Teagle & Hunt, Muncie, for appellant-respondent.

Thomas L. Raisor, Muncie, for appellee-petitioner.

CONOVER, Judge.

Appellant Robert L. Dorgan appeals the trial court's denial of his petition to modify a prior support order.

We affirm.

Robert raises one consolidated issue for our review:

Whether the trial court's denial of his petition to modify a prior child support order constitutes an abuse of discretion.

On January 5, 1984, a decree of dissolution was granted to Brenda Dorgan with reference to her marriage to Robert. The decree awarded custody of the couple's three children to Brenda. The decree further recognized Robert was disabled, and provided that the Social Security disability benefit checks paid for the children were to be given to Brenda for support. At the time of the decree, Brenda received a total of $816 per month in support.

Robert was living with a woman, identified in the record as Cindy, and her two sons. Some years later, he married Cindy, and legally adopted the two sons. Subsequently, he supplied the Social Security Administration with information regarding the marriage and the adoptions.

Prior to Robert's remarriage, the support received by Brenda was reduced to $557 because two of the children became emancipated. The $557 check represented the amount of monthly support for her daughter, Sheri. After the remarriage and adoptions, Brenda received notification that Sheri's share of the Social Security benefits was to be reduced to $217 per month. She later found out that Robert was receiving monthly Social Security checks of $217 for each of his newly adopted sons, and the additional checks for the sons accounted for the decrease in the support of Sheri.

As a result of the diminution in the benefits paid to Brenda for support of Sheri, Brenda and Sheri were forced to move to a less desirable location, and Sheri was forced to change schools. The trial court specifically found that Sheri's welfare and general well-being were adversely affected by the decrease in support.

Brenda filed a petition for restoration of the Social Security benefits Sheri lost by virtue of the adoption. The trial court granted the petition, and Robert responded with a petition claiming his remarriage and the adoptions constituted significant changes in circumstances which would warrant modification of the original support order. Robert now appeals the subsequent denial of his petition to modify.[1]

A decision regarding modification of child support is within the sound discretion of the trial court. *Halum v. Halum* (1986), Ind.App., 492 N.E.2d 30, 32, *reh. denied, trans. denied*. We will reverse only for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's action is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. *Id.* To substantiate a modification award, there must be "... a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." IND.CODE 31–1–11.5–17(a). The petitioning party bears the burden of proving the necessary change of circumstances to justify modification. *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1286.

The facts here show Robert was living with Cindy and her sons at the time the original decree was made. For a number of years he apparently helped to support the boys because their biological father never paid support. The only difference between the days preceding marriage and the days following is that Robert's relationships and obligations following the marriage were recognized by the State.

---

1. It is apparent the trial court interpreted the original decree to require that Robert do nothing to cause a diminution of support. This interpretation is consistent with our decision in *Patrick v. Patrick* (1988), Ind.App., 517 N.E.2d 1234. Robert does not contest this interpretation.

The facts also show that when Robert and Cindy decided to marry, they were aware of his obligation to support Sheri. His decision to adopt the boys was made with the same knowledge.

Finally, the record reveals Robert made no attempt to show at trial that he would suffer any hardship arising from the trial court's original support order. He further made no attempt to show that he could not pay the difference between the $557 benefit and the reduced benefit for Sheri from his own newly enhanced Social Security benefits.[2]

We find the trial court did not abuse its discretion since Robert failed to present any evidence of changed circumstances of a substantial and continuing nature which would render the original obligation unreasonable.[3]

 Robert also makes a vague argument that the trial court's decision somehow violates his right to procreate under *Skinner v. Oklahoma* (1942), 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655, and his right to marital privacy under *Griswold v. Connecticut* (1965), 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510. We do not see how the trial court's enforcement of a pre-existing support obligation violates the United States Constitution. *See, Patrick, supra,* at 1237.

Affirmed.

RATLIFF, C.J. and CHEZEM, J., concur.

**2.** Robert argues compliance with the trial court's order to restore benefits is impossible because he cannot cause the Social Security Administration to restore the original $557 benefit to Sheri. However, Robert admitted at trial that he made no effort to discuss the matter with the Administration, and upon appeal he makes no legal argument, nor cites to any law, which would show that the additional benefits he now receives could not be applied to support of Sheri. Accordingly, we find he has waived the issue.

**3.** The trial court's order denying modification was made prior to a significant amendment to IC 31–1–11.5–17 took effect. This amendment, effective July 1, 1990, provides that a prior child support order issued at least twelve months before the petition to revoke or modify is filed may be revoked or modified if the amount to be paid exceeds twenty percent of the amount that would be ordered under the Supreme Court's Child Support Guidelines. The amendment may apply to any new modification petition filed by Robert, but is not applicable to the current appeal. *See, Vore v. Vore* (1990), Ind. App., 563 N.E.2d 154, 157 n. 2. *See also,* Judge Buchanan's partial concurrence and dissent in *Vore* at 159 n. 1.