**Suzanne M. HESS n/k/a Suzanne M. Sharp, Appellant–Respondent,**

**v.**

**Frederick G. HESS, Appellee–Petitioner.**

**No. 46A03–9111–CV–352.**

Court of Appeals of Indiana,
Third District.

March 16, 1992.

Stephen A. Kray, LaPorte, for appellant-respondent.

HOFFMAN, Judge.

Appellant-respondent Suzanne M. Hess n/k/a Suzanne M. Sharp (Suzanne) appeals the trial court's order requiring her to pay child support.

The facts relevant to the appeal disclose that on April 8, 1991, appellee-petitioner Frederick G. Hess (Frederick) filed a petition to modify custody and support. On April 30, 1991, Frederick and Suzanne filed a stipulation to modification of custody and support which the trial court approved that same day. In the stipulation, the parties agreed that Frederick rather than Suzanne should have custody of their son and that the wage assignment support order against Frederick should be terminated. The stipulation also contained provisions imposing a child support obligation on Suzanne and requiring her to reimburse Frederick for support overpayments; however, Suzanne crossed out the aforementioned provisions prior to signing the stipulation. Frederick signed the stipulation after Suzanne and did not dispute the stricken provisions.

On May 21, 1991, Frederick filed a petition for modification of support requesting that Suzanne pay child support, reimburse

him for support overpayments, and pay his attorney's fees. The trial court conducted a hearing on the petition on August 5, 1991, after which it took the matter under advisement. On August 7, 1991, the court entered its order granting Frederick's request for child support but denying his requests for reimbursement and attorney's fees.

Suzanne raises one issue for review which this Court restates as follows: whether the trial court erred in modifying the child support order without any evidence of changed circumstances.[1]

IND.CODE § 31–1–11.5–17(a) (1990 Supp.) provides in pertinent part:

"Provisions of an order with respect to child support ... may be modified or revoked. Such modification shall be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable[.]"

As Suzanne notes, Frederick failed to present any evidence of changed circumstances from April 8, 1991, the date he filed his petition to modify custody and support, to May 21, 1991, the date he filed his petition to modify support. However, at the hearing on the second petition to modify, the trial court stated that Frederick did not need to prove a change in circumstances because the court had not entered a support order. Nevertheless, while it was true that there had been no order requiring Suzanne to pay support at that time, there had been an order requiring Frederick to pay support. The court terminated Frederick's support obligation when it approved the stipulation on April 30, 1991, but it did not impose a support obligation on Suzanne nor did Frederick request that the court impose such an obligation.[2] Consequently, Frederick had to show a change in circumstances from April 8, 1991, to May 21,

1991, in order for the court to modify its order to not impose a support obligation.

In his second petition to modify, Frederick made the following statement: "That the child is now a teen-ager and his needs are greater and in order to provide for the minor child's needs, there is a need for the entry of a support order at this time." However, the child was the same age, 17, at the time of both petitions, thus, his being a teen-ager was not a change in circumstances. In *Stierwalt v. Dyer by Cole* (1988), Ind.App., 531 N.E.2d 1213, this Court noted that a change of custody is a traditional example of changed circumstances, *id.* at 1214; however, according to Frederick's own testimony at the hearing on the petition, his son had been living with him since February of 1991. As there was again no evidence of any change in circumstances from April 8, 1991, to May 21, 1991, Frederick failed to meet the necessary burden of proof to justify modification of the support order. *Dorgan v. Dorgan* (1991), Ind.App., 571 N.E.2d 325, 326. The trial court, therefore, abused its discretion in modifying the child support order.

Reversed and remanded to the trial court with instructions to deny Frederick's second petition to modify support.

RATLIFF, C.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The judgment appealed does not modify an existing child support order; rather, it establishes an initial child support order against Suzanne. Therefore, the applicable statute is IND.CODE 31–1–11.5–12 instead of IND.CODE 31–1–11.5–17.

Frederick filed a petition captioned "Petition for Modification of Support." However, the misnomer was corrected at the outset of the hearing held on August 5, 1991. Frederick (by counsel) indicated that

---

**1.** This Court would note that Frederick did not file an appellate brief. When the appellee fails to submit a brief, the appellant may prevail by making a *prima facie* showing of reversible error. *Watkins v. Alvey* (1990), Ind.App., 549 N.E.2d 74, 75–76.

**2.** As previously mentioned, the stipulation the parties filed on April 30, 1991, contained a provision imposing a support obligation on Suzanne which she crossed out prior to either party signing the stipulation.

he sought to *establish* a support order against Suzanne. Record, p. 25. Suzanne testified that no support order applicable to her was in existence. Record, p. 36.

I.C. 31-1-11.5-12 provides that either or both parents may be ordered to pay any amount reasonable for the support of a child upon consideration of: the financial resources of the custodial parent, the standard of living of the child had the marriage not been dissolved, the physical or mental condition of the child and the financial resources and needs of the noncustodial parent.

Suzanne testified that she earned $883.00 bi-weekly. Record, p. 31. By application of the Indiana Child Support Guidelines, the trial court determined that her child support obligation was $65.33 weekly. The Indiana Child Support Guidelines are consistent with I.C. 31-1-11.5-12, and presume a division of the parental support obligation in proportion to each parent's available income. *Gielsdorf-Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277. Moreover, as the trial court appropriately stated, a parent can not, by her own contract, relieve herself of the legal obligation to support her minor child. *Brokaw v. Brokaw* (1980), Ind.App., 398 N.E.2d 1385, 1388.

Clearly, the trial court did not abuse its discretion by entering an initial support order against a gainfully employed noncustodial parent. I would affirm the judgment of the trial court.