Cheryl Kay TERPSTRA, Appellant–Petitioner,

v.

Dale TERPSTRA, Appellee–Defendant.

No. 45A04–9107–CV–244.

Court of Appeals of Indiana, Fourth District.

March 26, 1992.

Paul A. Leonard, Jr., Goodman, Ball & Van Bokkelen, Highland, for appellant-petitioner.

Thomas E. Rucinski, Sachs and Hess, Hammond, for appellee-defendant.

CONOVER, Judge.

Cheryl Kay Terpstra (Mother) appeals from a judgment for Dale Terpstra (Father), modifying a child support order following their marriage dissolution.

We affirm.

Mother presents five restated issues:

1. whether the trial court erred in finding Father would have the children 50% of the time;

2. whether the trial court erred in imputing minimum wage income to Mother;

3. whether the trial court erred by failing to impute increased child care costs to Mother;

4. whether the trial court erred in refusing to impute income to Father relating to his company car; and

5. whether the trial court abused its discretion in deviating from the child support guidelines.

On February 5, 1991, following the submission of an agreed modification order pertaining to custody and visitation issues, Mother and Father submitted the contested issue of Father's child support obligation to the trial court for determination. On April 4, 1991, the trial court issued its modification order which lowered Father's child support payment from $700 a month to $433. The trial court found the recommended level of support under the Indiana child support guidelines for Father was $200 per week or approximately $800 per month. The trial court's stated reason for the deviation was Father had the minor children approximately 50% of the time. Supp. Guideline G. 3. Mother appeals.[1]

Mother contends insufficient evidence exists to support the finding Father would have the children 50% of the time. She posits while the modified custody agreement provides Father will have the children 50% of the time, he will actually have the children only 28% of the available overnight time.

The modification order stipulated the parties have joint legal and physical custody of their three minor children. Father testified the children would be with him approximately 50% of the time. He presented a calendar which highlighted all the days he would have custody of the children. By Father's calculations, he would have custody of the children over 50% of the days available. He argues during this time food, household goods, clothing, transportation, health care, and recreational expenses will be purchased and consumed.

Mother, on the other hand, failed to rebut Husband's evidence. She addressed this calculation for the first time in her motion to correct error and in this appeal. Since the trial court's determination is supported by facts and inferences contained in the record, the trial court did not err.

Next, Mother contends it was error for the trial court to impute minimum wage income to her in determining child support under the support guidelines. She contends her actual part-time earnings should have been used in the calculations since she is not voluntarily unemployed or underemployed and she had a consistent part-time work history.

The guidelines provide:

If a parent is voluntarily unemployed or underemployed, child support shall be calculated based upon a determination of potential income. A determination of potential income shall be made by determining employment potential and probable earnings level based on the obligor's work history, occupational qualifications, prevailing job opportunities, and earnings level in the community. If there is no work history and no higher education or vocational training, it is suggested that weekly gross income be set at least at the minimum wage level.

Ind.Child Supp.G. 3(A)(3).

She cites *Matter of Paternity of Buehler* (1991), Ind.App., 576 N.E.2d 1354. In *Buehler*, we found the trial court erred in finding the father underemployed when he had held the same job during the relationship as he held after the break-up. We opined the guidelines are not meant to force persons to change careers or work up to their full economic potential. *Id.* at 1356.

However, we do not find this case to mandate a different result here. The commentary predicts the determination of the amount of potential income to attribute to a parent will provide much stimulating debate. Therefore, the trial court is given a great deal of discretion. However, in all cases, even if the parent has no income, the commentary suggests potential income must be calculated. Many variables may be considered, depending upon the facts

---

1. Mother failed to set forth a verbatim statement of judgment below as required by Ind. Appellate Rule 8.3(A)(4), instead setting forth the judgment of the motion of correct errors. Affirmance by appellate court without consideration of merits is authorized when appellant fails to set forth a verbatim statement of judgment below, but summary affirmance is not mandatory. *Randolph v. Wolff* (1978), 176 Ind. App. 94, 374 N.E.2d 533, 534. We choose to address the merits of the issues.

peculiar to each case. In some situations young children may be in the home, and in others, the parent may be incapable of earning enough to even cover the cost of day care. Each case is fact sensitive and must be weighed by the trial court on a case-by-case basis. The guidelines specifically suggest at least the weekly gross income must be set at the minimum wage level. Whether to do so is a matter for the trial court's discretion, and a decision to do so does not require a written finding of explanation under Ind. Child Support Rule 3.[2]

■ Although Mother testified she works approximately 20 hours per week at a sports center partially owned by her father, she presented no evidence as to full time work history. Two of the children will be in school next year. The record does not reveal the age of the youngest child. Wife's earnings adequately cover child care. In this case, in choosing to follow the guidelines, we cannot say the trial court abused its discretion.

■ Mother next contends the trial court erred when it failed to impute increased child care costs to her in conjunction with its use of minimum wage for a 40 hour work week.

The child support guidelines provide:

Child care costs incurred due to employment or job search of either parent, should be added to the basic obligations. Such child care costs must be reasonable and should not exceed the level required to provide quality care for the children.

Child Supp. G. 3(E)(1). In interpreting this guideline, we have held although the word "should" is more persuasive than may, it is not a mandatory word. *Carter by Carter v. Morrow* (1990), Ind.App., 563 N.E.2d 183, 186.

Here, Mother testified her work-related child care expenses total $21 per week. The trial court included these child care costs in calculating the basic child support award. Although Mother testified she would incur increased child care costs were she to work 40 hours per week, she never offered any estimate as to how much these costs would be. She also admitted if she were to work 40 hours per week, some of her additional work hours would be time in which the children would stay with their father. Even if the trial court wished to impute additional child care costs to Mother, she gave the trial court no basis by which to calculate such increased costs. Therefore, the trial court did not abuse its discretion in declining to impute additional child care costs.

■ Mother contends the trial court erred when it failed to account for Father's imputed income relating to the automobile provided him through his insurance business.

Child Supp.G. 3(A)(2) provides:

Expense reimbursements or in kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, or reimbursed meals.

In interpreting this section of the guidelines, the commentary states:

Likewise, imputed income may be substituted for, or added to, other income in arriving at weekly gross income and includes such items as free housing, a company car that may be used for personal travel and reimbursed meals or other items that received by obligor that reduce his living expenses.

Commentary, Child Supp. G. 3(A).

Father testified he has two vehicles, a business vehicle and a personal vehicle. He runs approximately $250 worth of business expenses for the car used for business through his subchapter S corporation.

Again, whether to include this amount in the weekly gross income is a matter for the

---

**2.** Rule 3. Deviation from Guideline Amount
If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion.

trial court's discretion, and a decision not to include it does not require a written finding of explanation under Child Supp.R. 3. Viewing all the evidence before it, the trial court decided not to impute additional income to Father for his business automobile. We do not find this decision to be an abuse of discretion here.

■ Lastly, Mother contends the trial court's downward deviation from the child support guidelines was an abuse of discretion. She presents a two-prong argument. First, she argues the trial court had no evidence before it of a continual and substantial change in circumstances warranting a modification of child support.

A decision regarding modification of child support is within the sound discretion of the trial court. *Dorgan v. Dorgan* (1991), Ind.App., 571 N.E.2d 325, 326. We will reverse only for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's action is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be draw therefrom. *Id.* To substantiate a modification award, there must be "... a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." IND.CODE 31–1–11.5–17(a). The petitioning party bears the burden of proving the necessary change of circumstances to justify modification. *Id.*

A change of custody from one parent to another is, of itself, a substantial and continuing change of circumstances sufficient to justify modification of a support order under IC 31–1–11.5–17(a). *Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228, 1231.

The Indiana Child Support Guidelines do not confront the problem of establishing a support order in shared or joint custody situations. This is left to the trial court's discretion for handling on a case by case basis. Additional Commentary, Child Supp.G. However, Child Supp.G. 1 states one of the situations considered appropriate for a deviation from the child support guideline amount is the situation where "[t]he children spend substantially more time with the non-custodial parent than in the average case."

The evidence presented establishes Father will have custody approximately 50% of the time. Therefore, the trial court did not abuse its discretion in finding this change of custody constituted a substantial and continuing change in circumstances justifying a modification of the support order.

Second, Mother claims the 50% deviation from the recommended child support payment under the guidelines was an abuse of discretion. She asserts length of time of possession should be an irrelevant consideration unless tied to substantial evidence of actual changes in expenditures by Father.

■ Trial courts must avoid the pitfall of blind adherence to the computation for support without giving careful consideration to the variables which require a flexible application of the guidelines. *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671, 673. When a trial court chooses to deviate from the guidelines, it must articulate a sufficient basis to do so. If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion. Child Supp.G. 3; *In the Matter of Paternity of Humphrey* (1990), Ind.App., 561 N.E.2d 502, 503. These findings need not be especially formal. They must, however, set forth the trial court's reason for deviating from the guidelines' amount so that as a reviewing court, we may know the basis for the court's decision. *Id.*

■ In the agreed modification, the trial court stated "[s]ince father has the minor children approximately 50% of the time, the court finds that a deviation from the guidelines is appropriate...." As stated previously, the Indiana Child Support Guidelines do not address joint custody. However, the commentary states:

The Indiana Child Support Guidelines do not confront the problem of establishing a support order in shared or joint custody situations. Because of the infinite

possibilities that exist in terms of time spent with each parent, travel between patents, and other considerations, such determinations are left to the sound discretion of the the Trial Courts for handling on a case by case basis.

Additional Commentary, Child Supp.G.

Mother's argument ignores the totality of the circumstances in this case. The record reveals because during their marriage Mother and Father agreed to send their children to a Christian school, the original dissolution decree required Mother to pay a portion of that cost. She has never done so. Father paid all tuition and fees to send the oldest child to school and the second oldest to preschool. Father also paid health insurance premiums for the children as well as money directly to the children's dentist and pediatrician. Additionally, Father is responsible for all transportation for the children between the parties' households. He seeks no child support contribution from Mother while the children are with him under the modified order despite increased household expenses.

Absent an abuse of discretion, we cannot substitute our judgment for that of the trial court. *Carter*, 563 N.E.2d at 187. Even though we might have reached a different conclusion had we been the triers of fact, we cannot say the trial court's award is clearly against the logic and effect of the total facts and circumstances before it. The trial court did not abuse its discretion.

Affirmed.

CHEZEM and BAKER, JJ., concur.